**In the Matter of Donald Gene CHRISTIAN, Debtor.**

**EXCHANGE BANK OF POLK COUNTY, Plaintiff,**

v.

**Donald Gene CHRISTIAN and Walter Sudbury, Defendants.**

**Bankruptcy No. 80–577.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Jan. 20, 1981.

Walter Sudbury, Riverview, Fla., Trustee.

R. Scott Bunn, Winter Haven, Fla., for Exchange Bank of Polk County.

## MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Bankruptcy Judge.

The matter under consideration involves the validity, vel non, of a lien claim by the Exchange Bank of Polk County (the Bank), a lien which encumbers a 1980 Ford 2 door Sedan. Exchange Bank instituted an adversary proceeding and sought a recovery of the vehicle in question in order to enforce its lien claim. The trustee in turn filed a counterclaim and sought to invalidate the lien on the ground that it was a voidable preference, and as such was invalid and not enforceable against the estate. By agreement of the parties, the vehicle was sold with the understanding that if the lien was found to be valid the same will be satisfied out of the proceeds of the sale. Both the plaintiff and defendant agree that there are no genuine issues of material facts and the court should determine the respective rights of the parties and resolve this controversy as a matter of law.

The undisputed facts germane to this controversy may be summarized as follows:

On February 18, 1980, Donald Gene Christian (Christian), the debtor involved in the above-captioned liquidating proceeding,

purchased a 1980 Ford 2 door Sedan from Dexter Daniels Ford (Dealer). Christian applied for and obtained a loan to finance the purchase from Exchange Bank and executed a Security Agreement Retail Installment Contract which was assigned by the Dealer to the Bank. On February 19, 1980, the Dealer took the necessary documentation of this financed purchase to Frierson Nichols Post # 8 in Winter Haven Legion Tag Agency (the Tag Agency). The Tag Agency recorded the documentation on a form entitled "Department of Motor Vehicle Report Form 101–10SPT" and forwarded the same to the Polk County Tax Collector. The Tax Collector prepared an application for Certificate of Title and forwarded the same to the Department of Highway Safety and Motor Vehicle (the DMV) located in Tallahassee, Florida.

The application for title certificate together with the lien documents were received by the DMV on March 4, 1980, and the certificate of title on the subject vehicle, which was issued on March 20, 1980, had a properly noted lien indicating the Bank to be the holder of the lien.

The DMV has its own offices which process both normal applications for certificates of title and lien recordation on title certificates and also an office which provides an expedited service for an extra charge. One can obtain a lien recordation and the issuance of a title certificate on motor vehicles within 72 hours from the time the request is made either in person or by mail. Fla.Stat. 319.27(2) and 319.323 (1979).

In Florida, security interests in automobiles are expressly excluded from the operation of the Uniform Commercial Code and liens on motor vehicles are perfected by a notation on the title certificate, F.S. § 319.27(2) (1979), which is issued by the DMV pursuant to Fla.Stat. Chap. 319 (1979). There is no doubt that by virtue of § 547(e)(2)(A) of the Bankruptcy Code, if perfection occurs more than ten days after the attachment of the security interest, the transfer is deemed to have occurred on the date of perfection, a point conceded by the Bank. It is the position of the Bank, how-

ever, that by taking the lien documentation to the Tag Agency, it followed the commercially accepted method to perfect its lien, a method expressly authorized by Statute. Thus, according to the Bank, the lien cannot possibly be a preference. In this connection the Bank points out that Fla.Stat. § 319.08 (1979) permits the DMV to employ all necessary personnel to enforce all provisions pertaining to the registration, certification, or sale and distribution of a motor vehicle in this State. Thus, according to the Bank, the Tag Agency to whom the Bank delivered the application for a title certificate together with the lien documentation, was an agent or sub-agent of the DMV, thus, filing the papers with the Tag Agency was tantamount to filing the same with the DMV in Tallahassee and it is immaterial when the application was filed or when the actual title certificate was issued by the DMV in Tallahassee.

Although there is evidence of a contractual relationship between the Tag Agency and the Tax Collector, there is no evidence in this record and this Court is satisfied that an agency relationship did not exist between the Tag Agency and DMV. The Tag Agency was an independent contractor charged with limited responsibilities such as processing applications for title certificates for motor vehicles, but these responsibilities did not include the power to record liens or issue title certificates.

It is conceded by the Bank that all of the operating elements of a voidable preference of § 547(b) of the Bankruptcy Code have been established, including the requirement that the lien was technically granted to secure an antecedent debt. Therefore, the Bank's lien cannot be saved as a non-voidable preference unless this transaction comes within any of the savings provisions of § 547(c).

This subsection of the Code, § 547(c), contains specific exceptions to the avoiding power granted to the trustee under § 547(b) and if a creditor can qualify under any one of the exceptions, the creditor is protected to that extent and if he can qualify under several, he is protected by each to the ex-

tent he can qualify under each. *House Report No. 95–595, 95th Cong., 1st Sess. 373–374 (1977), U.S.Code Cong. & Admin. News 1978, 5787.* The provisions dealing with the granting of security interests are set forth in § 547(c)(3) which sub-clause provides as follows:

§ 547(c)(3)

The trustee may not avoid under this section a transfer

(3) of a security interest in property acquired by the debtor—

(A) to the extent such security interest secures new value that was

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement;

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

(B) that is perfected before 10 days after such security interest attaches . . . ."

This exception to the trustee's voiding power was designed to protect certain enabling loans that is, loans made to a debtor for a purpose of enabling the debtor to acquire property. There is no question that if the transaction under consideration qualified under this exception, it would be protected as an enabling loan. The difficulty is, however, that this Section gives a limited ten-day grace period to perfect a lien and the record reveals that Christian acquired the automobile on February 18, the lien was not perfected by filing the lien documentation with the Tag Agency, but was perfected at the earliest on March 4, thus, after the ten-day grace period had expired. See *Bank of Hawthorne v. Shepherd,* 330 So.2d 75 (Fla. 1st DCA 1976). Accordingly, this Sub-clause furnishes no solace to the Bank and the Bank's lien is not immunized from the Trustee's attack under § 547 as a preferential transfer.

█ The Bank also intimated a proposition, not very well articulated, that this was intended to be a contemporaneous transaction and was, in fact, a contemporaneous transaction. Thus, the transaction would appear to fall within the savings proviso of § 547(c)(1)(A), (B). Section 547(c)(3), however, contains the only specific provision, as noted above, dealing with a security interest granted in connection with an enabling loan. Thus, the first exception to the Trustee's voiding power set forth in § 547(c)(1)(A), (B) dealing with contemporaneous transactions is not applicable to situations involving security interests. If the provisions set forth in § 547(c)(1)(A), (B) were applicable to an enabling loan, the enabling loan provisions of § 547(c)(3)(A), (B) which specifically deal with security interests granted by the Debtor in exchange for new value would be obviously redundant and unnecessary. In fact, the legislative history indicates that the first exception set forth in § 547(c)(1)(A), (B) was designed to protect so-called cash transactions where a transfer involved a payment by check which is intended to be a transfer for a contemporaneous transfer for value and not a credit transaction. Even assuming, but not admitting, that the contemporaneous transaction exception is an additional exception to the Trustee's voiding power, this Court is satisfied that while the transaction was clearly intended to be contemporaneous, in fact, it was not. This is so especially in light of the fact that the Bank could have resorted to the expedited procedure, F.S. § 319.323 (1979), and obtained a recorded lien on the title certificate within 72 hours. See, *In re Kelley,* 3 B.R. 651, 2 C.B.C.2d 15 (Bkrtcy.E.D.Tenn.1980).

Having concluded that all operating elements of a voidable preference transfer required by § 547(b) of the Code are present, and none of the savings provisos set forth in § 547(c) would immunize this transfer from attack as a preference, the Trustee is entitled to a final judgment invalidating the Bank lien provided, however, that the Bank is entitled to prove a general unsecured claim for the amount owed to it by the Debtor.

A separate final judgment will be entered in accordance with the foregoing.