In re Alvin W. **ENLOW**, Debtor.

James A. **KNAUER**, Trustee for Alvin W. Enlow, Plaintiff,

v.

Alvin W. **ENLOW**, Carol Enlow, Joseph Enlow, Alvin P. Enlow, Sperry-New Holland, Farmers and Merchants Trust Company, Greencastle Production Credit Association, the Indiana National Bank, and James Richardson, Defendants.

Bankruptcy No. IP80–5112.
Adv. No. 81–956.

United States Bankruptcy Court,
S. D. Indiana,
Indianapolis Division.

June 1, 1982.

Joseph W. Murphy, Indianapolis, Ind., for trustee.

Jerald I. Ancel, Indianapolis, Ind., for defendant.

## DECISION AND ORDER ON JOINT MOTION FOR SUMMARY JUDGMENT

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the court upon a Joint Motion for Summary Judgment filed by plaintiff James A. Knauer, Trustee for Alvin W. Enlow, and by defendant Sperry-New Holland. The parties have filed memoranda in support of their respective motions and the plaintiff has filed a supplemental memorandum.

The parties have stipulated to the following facts which the court hereby adopts as the facts controlling this controversy:

1. On November 1, 1980 Alvin W. Enlow ("Enlow") executed a "Retail Installment Contract" with Booth Machinery Sales, Inc. ("Booth") whereunder Enlow agreed to purchase from Booth one (1) new New Holland, Skid Steer Loader, ("the Loader"), Enlow was credited with a down payment of $7,451.18 on the total $21,206.00 purchase price of the Loader. The $13,756.82 balance was to be paid in eight (8) semi-annual installments of $2,439.50. A true and accurate copy of the "Retail Installment Contract" is attached to this Stipulation as Exhibit "A".

2. Under the terms of the "Retail Installment Contract" Booth retained a se-

curity interest in the Loader for the unpaid balance of the purchase price.

3. Subsequent to November 1, 1980 Booth assigned the Retail Installment Contract and its security interest therein to Sperry Rand, Sperry-New Holland Division ("Sperry-New Holland").

4. On November 13, 1980 Sperry-New Holland filed a financing statement with the Indiana Secretary of State. The financing statement named Booth as Secured Party; Enlow as Debtor; and Sperry-New Holland as Booth's Assignee. A true and accurate copy of the financing statement is attached hereto as Exhibit "B".

5. On December 5, 1980 Enlow filed his voluntary petition in bankruptcy.

6. Sperry-New Holland has filed a claim in Enlow's bankruptcy proceedings for the unpaid balance owed it by Enlor (sic) on the loader and, to the extent of the value of the proceeds of sale of the loader claims to be a secured creditor.

7. The Trustee in bankruptcy has filed a Complaint seeking to avoid Sperry-New Holland's secured claim as preferential within the meaning of § 547 of the Bankruptcy Code.

Joint Stipulation of Trustee and Defendant Sperry-New Holland.

A preference is a transfer of the debtor's property which allows a creditor to "receive payment of a greater percentage of its claim against the debtor than it would have received if the transfer had not been made and it had participated in the distribution of the assets of the bankruptcy estate." *Weill v. Tennessee Central Credit Union (In re Kelley)*, 3 B.R. 651, 6 B.C.D. 395 (Bkrtcy.E. D.Tenn.1980).

The Bankruptcy Reform Act of 1978 ("Code") defines a transfer as:

"[E]very mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property, including retention of title as a security interest."

11 U.S.C. § 101(40).

■ The filing of a financing statement, thereby perfecting a security interest, Ind. Code Ann. § 26–1–9–401 (Burns 1974), constitutes a transfer under Section 101(40) of the Code. *Brown v. The Callaway Bank (In re Meritt)*, 7 B.R. 876, 7 B.C.D. 28 (Bkrtcy. W.D.Mo.1980).

The date on which a transfer is made—for the purposes of a preference action—is governed by 11 U.S.C. § 547(e). According to the facts adopted by the court herein, the subject transfer was made on November 13, 1980—the date on which Sperry-New Holland filed a financing statement covering the property with which this proceeding is concerned.

The Code empowers the trustee to avoid a transfer of the debtor's property:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt . . . ;

(3) made while the debtor was insolvent;

(4) made . . . on or within 90 days before the date of the filing of the petition . . . ; and

(5) that enables such creditor to receive more than such creditor would receive if . . . the case were a case under Chapter 7 . . . [and] . . . the transfer had not been made.

11 U.S.C. § 547(b).

■ The dispute in the instant matter centers around not whether the transfer between the parties meets the requirements of 11 U.S.C. § 547(b) but whether one of the exceptions to the avoiding powers of the trustee, *see* 11 U.S.C. § 547(c), is applicable. It is the defendant's position that 11 U.S.C. § 547(c)(1) is applicable and therefore prevents the trustee from avoiding the security interest held by the defendant.

Section 574(c)(1) provides that a trustee may not avoid a transfer:

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange . . . .

11 U.S.C. § 547(c)(1).

The defendant's reliance upon the exception found in Section 547(c)(1) is misplaced. An examination of the legislative history reveals that Section 547(c)(1) was not meant to apply to situations like the instant one which involves an enabling loan.[1] Section 547(c)(1) was meant to apply to cash or quasi-cash transactions. As stated in the legislative history:

[That exception] is for a transfer that was intended by all parties to be a contemporaneous exchange for new value, and was in fact substantially contemporaneous. Normally a check is a credit transaction. However, for the purposes of this paragraph, a transfer involving a check is considered to be 'intended to be contemporaneous,' and if the check is presented for payment in the normal course of affairs, which the Uniform Commercial Code specifies as thirty (30) days, U.C.C. § 3–503(2)(a), that will amount to a transfer that is 'in fact substantially contemporaneous.'

House Report No. 95–595, 95th Cong., 1st Sess. 373–374 (1977); Senate Report No. 95–989, 95th Cong., 2nd Sess. (1978), U.S. Code Cong. & Admin.News 1978, p. 5787.

The instant transaction was not a cash or quasi-cash (check) transaction but an installment credit transaction—an "enabling loan." As such it does not fall within the ambit of 11 U.S.C. § 547(c)(1). *In re Christian*, 8 B.R. 816 (Bkrtcy.M.D.Fla.1981); *Brown v. The Callaway Bank (In re Meritt)*, 7 B.R. 876, 7 B.C.D. 28 (Bkrtcy.W.D.Mo. 1980).

Although Congress did not address an enabling loan situation in Section 547(c)(1) it did do so in Section 547(c)(3). That section provides:

The Trustee may not avoid under this section a transfer—

(3) of a security interest in property acquired by the debtor—

(A) to the extent such security interest secures new value that was—

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement;

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

(B) that is perfected before ten days after such security interest attaches.

The explicit reference by Congress in Section 547(c)(3) to enabling loans lends further support to the conclusion that Section 547(c)(1) is not applicable to the instant transaction. Through its enactment of Section 547(c)(3) Congress intended to make that section—not Section 547(c)(1)—applicable to an enabling loan situation. To conclude otherwise would render the provisions of Section 547(c)(3) "redundant and unnecessary." *In re Christian* 8 B.R. at 819.

In construing Section 547(c) the court must strive to give effect to all its provisions where a reasonable construction will allow. *See Atchison T. & S. F. Ry. Co. v. U. S.*, 617 F.2d 485 (7th Cir. 1980). Such reasonable construction can only be that Congress intended that only Section 547(c)(3) should apply to an enabling loan situation.

■ A review of the facts indicates that the defendant is not entitled to relief under Section 547(c)(3). Relief under Section 547(c)(3) requires compliance with subsections (A) and (B) thereof. The court finds compliance with subsection (A) but not with subsection (B). Subsection (B) requires that perfection of a security interest occur within ten days after it attaches. As discussed earlier, the instant security interest was not perfected until twelve days after its attachment.

Accordingly, the court finds that the transfer of the instant security interest to

---

1. An enabling loan is a loan granted to enable a party to purchase a particular piece of merchandise. As part of the bargain the borrower normally grants a security interest to the lender.

**484**

Sperry-New Holland was preferential and may be avoided by the Trustee' the Trustee's Motion for Summary Judgment should therefore be GRANTED.

The foregoing represents findings of fact and conclusions of law as required by Bankruptcy Rule 752.

It is therefore ORDERED, ADJUDGED AND DECREED that the plaintiff's Motion for Summary Judgment is hereby GRANTED.