**In the Matter of Stephen R. VANCE, Jeanne F. Vance, Debtors.**

**VALLEY BANK, an Idaho Banking Corporation, Plaintiff and Appellant,**

**v.**

**Stephen R. VANCE and Jeanne F. Vance, husband and wife, and L.D. Fitzgerald, Trustee, Defendants and Respondents.**

**No. BK–0276.**

United States District Court, D. Idaho.

Feb. 8, 1983.

Stephen A. Hoskins, Idaho Falls, Idaho, for plaintiff and appellant.

Lynn Hossner, St. Anthony, Idaho, for defendants and respondents Vance.

Jim D. Pappas, Pocatello, Idaho, for defendants and respondents Trustee.

## MEMORANDUM DECISION

CALLISTER, Chief Judge.

This is an appeal from a Bankruptcy Court action, 22 B.R. 26. The appellant, Valley Bank (hereinafter "Bank") seeks to overturn the Bankruptcy Court's decision that the Bank's lien on a Utility trailer was void as a preference under 11 U.S.C. § 547. The Court has jurisdiction of this appeal pursuant to § 405(c)(1)(C) of the Bankruptcy Reform Act of 1978.

On November 18, 1981, Stephen Vance obtained a $14,000.00 loan from Valley Bank to purchase a 1977 Utility trailer. The Bank took a security interest in the trailer and mailed the lien documents to the Fremont County Assessor to be recorded.

The lien was recorded on December 2, 1981. On January 29, 1982, the Vances filed for bankruptcy under Chapter 7. The Bank immediately filed a complaint in Bankruptcy Court to remove the automatic stay so it could foreclose its security inter-

est in the Utility trailer. The Trustee counterclaimed that the Bank's security interest was void as a preference under 11 U.S.C. § 547 because the lien had been affixed within ninety days of the bankruptcy filing.

The parties do not dispute the Bankruptcy Court's finding that the Bank's lien was a preference under § 547 and would be void unless one of the exceptions to § 547 applied. The parties agree that the only possible applicable exception is the contemporaneous exchange provision of § 547(c)(1). That exception reads as follows:

> The trustee may not avoid under this section a transfer—(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and (B) in fact a substantially contemporaneous exchange;

The Bankruptcy Court found that the parties did intend the transaction to be contemporaneous. The Court then discussed whether the transaction was "in fact a substantially contemporaneous exchange." The court held that a purchase money security transaction could not become a voidable preference under 11 U.S.C. § 547(c)(1). The court found that § 547(c)(1) was designed to cover situations where the debtor obtained something of value for a contemporaneous exchange of cash or the equivalent of cash. The court pointed out that purchase money security transactions have their own preference protection provision under 11 U.S.C. § 547(c)(3). That section provides that secured parties who perfect their purchase money security interest within ten days after that security interest has attached will avoid the preference provisions of § 547. This ten day limitation would be rendered meaningless if a debtor could also take advantage of the contemporaneous exchange exception of § 547(c)(1).

The court, therefore, held that 11 U.S.C. § 547(c)(1) did not apply to the purchase money security transaction at issue here. In reaching that conclusion, the court was following the majority position. *See In re Davis,* 22 B.R. 644 (Bkrtcy.Ga.1982); *In re*

*Enlow,* 20 B.R. 480 (Bkrtcy.Ind.1982); *In re Christian,* 8 B.R. 816 (Bkrtcy.M.D.Fla.1981); *In re Meritt,* 7 B.R. 876 (Bkrtcy.M.D.Mo. 1980). These cases all hold that a purchase money security transaction, like the one at issue here, cannot seek preference avoidance under § 547(c)(1). Those courts point to the legislative history of § 547(c)(1) which reveals that

> The explicit reference by Congress in Section 547(c)(3) to enabling loans lends further support to the conclusion that Section 547(c)(1) is not applicable to the instant transaction. Through its enactment of section 547(c)(3) Congress intended to make that section—not Section 547(c)(1)—applicable to an enabling loan situation. To conclude otherwise would render the provisions of Section 547(c) "redundant and unnecessary." (Quoting from *In re Enlow, supra* at 483.)
> ... If the creditor has retained a lien to secure an enabling loan (a purchase money lien), then he must fit his case into 11 U.S.C. § 547(c)(3) or face avoidance.

*In re Davis, supra* at 648.

Although the court was not provided with the precise terms of the Vance loan agreement, there is no claim that the transaction was anything but a standard purchase money security transaction. The case law cited above is in accord with the view taken by the leading commercial law treatise, WHITE & SUMMERS, *Uniform Commercial Code* (2d ed. 1980). That treatise discusses the contemporaneous loan exception as follows:

> The first of the exceptions is for a transfer that the parties intended to be a contemporaneous exchange and which was in fact substantially contemporaneous. This exception is intended to protect transactions which were meant to be cash sales, but which unavoidably involved a brief extension of credit. For instance, if C delivers goods to A in return for A's check, and C holds the check for several days before presenting it for payment, the trustee might argue the payment was on an antecedent debt. Section 547(c)(1)

would resolve the matter in the creditor's favor on the ground that a transfer involving a check was a contemporaneous exchange.

*Id.* at ¶ 24–3, p. 1006.

A dissenting voice eminates from a series of Tennessee cases. *See In re Burnette,* 14 B.R. 795 (Bkrtcy.E.D.Tenn.1981); *In re Arnett,* 13 B.R. 267 (Bkrtcy.E.D.Tenn.1981), *aff'd sub nom Ray v. Security Mutual Finance Corp.,* 17 B.R. 912 (D.C.E.D.Tenn. 1982). These Tennessee cases are distinguishable from the present case. As the court in *Burnette* made clear, Tennessee has adopted a twenty-day grace period within which a secured creditor with a purchase money interest can perfect his security and thereby take priority over a bankruptcy trustee whose lien arose between the time the security interest attached and was perfected. If the Tennessee court had strictly adhered to the ten-day grace period under the Bankruptcy Code, many creditors may have been caught by surprise after relying on the state statute's twenty-day grace period. There is no similar discrepancy between the Idaho Commercial Code and the Bankruptcy Code. Idaho Code § 28–9–301(2) allows only a ten-day grace period, and is therefore consistent with § 547(c)(3).

The Court believes that the Bankruptcy Court followed the best reasoned legal precedent. As previously discussed, the case law and legislative·history support the finding that the purchase money security transaction at issue in the present case cannot fall under the preference avoidance provisions of § 547(c)(1). For that reason, the Court hereby AFFIRMS the decision of the Bankruptcy Court.