HUG, Circuit Judge:
I
OVERVIEW
The Vances filed for bankruptcy on January 29, 1982. Valley Bank (“Bank”) filed a complaint in bankruptcy court to remove the automatic stay so it could foreclose its security interest in a 1977 utility trailer. The trustee counterclaimed that the Bank’s security interest was void as a preference under 11 U.S.C. § 547 within ninety days of the bankruptcy filing. The bankruptcy. court, 22 B.R. 26, found that the Bank’s lien was a preference under section 547 and would be void unless one of the exceptions to section 547(b) applied. The bankruptcy court held that the only applicable exception was section 547(c)(3) and that the Bank did not qualify for this exception because it did not perfect its security interest within the 10 days required by that section.
The Bank appealed to the district court arguing that the contemporaneous ex *260 change exception of section 547(c)(1) should also be available to the Bank. The district court affirmed the decision of the bankruptcy court. The district court held that a purchase money security transaction cannot fall under the preference avoidance exception of section 547(c)(1).
We hold that section 547(c)(1) does not apply to a purchase money security transaction and that in order to be excepted from the avoidance provisions of section 547 the Bank’s transaction would have to qualify under section 547(c)(3). Because the security interest was not perfected within the 10 days required, it does not qualify under that section. We therefore affirm the judgment.
II
FACTS
On November 18, 1981, Stephen Vance obtained a $14,224.33 loan from Valley Bank to purchase a 1977 utility trailer. Valley Bank secured this loan by a lien on the utility trailer and mailed the lien documents to the Fremont County Assessor to be recorded. On December 2, 1981, fourteen days after the debtor obtained the loan for purchase of the trailer, the lien was recorded, thereby completing the perfection requirements under Idaho law.
On January 29, 1982, the Vances filed for bankruptcy. The Bank’s lien on the utility trailer was therefore perfected within ninety days of the bankruptcy filing.
Ill
THE CONTEMPORANEOUS EXCHANGE EXCEPTION
A trustee in bankruptcy is granted the power to avoid preferential transfers for antecedent debts under 11 U.S.C. § 547(b).[1] The purpose of this provision is to discourage creditors “from racing to the courthouse to dismember the debtor during his slide into bankruptcy” and to “facilitate the prime bankruptcy policy of equality of distribution among creditors of the debtor.” H.R.Rep. No. 95-595, 95th Cong., 1st Sess., reprinted in 1978 U.S.Code Cong. & Ad. News 5963, 6138.
Subsection (c) of section 547 contains exceptions to the trustee’s power to avoid transfers. These exceptions provide safe harbors for certain transactions involving transfers falling within the definition of preference in section 547(b), but which do not conflict with the purposes of section 547(b). Valley Bank, in the present case, is seeking to exclude the transfer of a security interest in Vance’s utility trailer from the trustee’s avoiding power by means of the contemporaneous exchange exception of section 547(c)(1).[2]
The courts below followed the majority view of cases which have considered whether section 547(c)(1) can apply to purchase *261 money security transactions. See In re Murray, 27 B.R. 445 (Bkrtcy.M.D.Tenn. 1983); In re Davis, 22 B.R. 644 (Bkrtcy.M.D.Ga.1982); In re Enlow, 20 B.R. 480 (Bkrtcy.S.D.Ind.1982); In re Christian, 8 B.R. 816 (Bkrtcy.M.D.Fla.1981). A number of these cases point to the legislative history of section 547(c)(1) as an indication that Congress did not intend that provision to apply to purchase money security interests. A pertinent portion of the legislative history states:
The first exception is for a transfer that was intended by all parties to be a contemporaneous exchange for new value, and was in fact substantially contemporaneous. Normally, a check is a credit transaction. However, for the purposes of this paragraph, a transfer involving a check is considered to be “intended to be contemporaneous,” and if the check is presented for payment in the normal course of affairs, which the Uniform Commercial Code specifies as 30 days, U.C.C. § 3-503(2)(a), that will amount to a transfer that is “in fact substantially contemporaneous.”
H.R.Rep. No. 95-595, 95th Cong., 1st Sess., reprinted in 1978 U.S.Code Cong. & Ad. News 5963, 6329. This legislative history indicates that Congress was specifically concerned with transactions involving payment by check or other cash equivalent transactions when Congress enacted section 547(c)(1). There is no indication in the legislative history that Congress intended section 547(c)(1) to be a general exception covering a variety of transactions. Rather, the legislative history indicates that Congress designed section 547(c)(1) to exclude check or other cash equivalent transactions from the trustee’s avoiding powers. Thus, applying section 547(c)(1) to purchase money security interests would expand the scope of the exception far beyond the contemplation of Congress.
Congress specifically provided preference protection for purchase money security interests in section 547(c)(3).[3] That section provides that the security interest must be perfected before 10 days after such security interest attaches. This exception does not protect the Bank’s security interest in Vance’s trailer because the security interest was perfected fourteen days after the security interest attached.
Even if section 547(c)(1) were to be construed as a general exception for those situations not specifically contemplated by the authors of the Bankruptcy Code, the existence of section 547(c)(3), which specifically applies to purchase money security transactions, would preclude the application of the general exception to transactions specifically provided for in subsection (c)(3). As the bankruptcy court stated in In re Enlow:
The explicit reference by Congress in Section 547(c)(3) to enabling loans lends further support to the conclusion that Section 547(c)(1) is not applicable to the instant transaction. Through its enactment of Section 547(c)(3) Congress intended to make that section — not Section 547(c)(1) — applicable to an enabling loan situation.
20 B.R. at 483. The bankruptcy court in another case applied the traditional maxim “expressio unius est exclusio alterius ” and concluded
11 U.S.C. § 547(c)(3) provides a mechanism by which liens to secure enabling loans might be excepted from avoidance. In so doing it negates the availability of other means of exception. 11 U.S.C. § 547(c)(1) is in general; 11 U.S.C. § 547(c)(3) is specific; it refers to “a se *262 curity interest” such as in this adversary proceeding.
In re Davis, 22 B.R. at 649. This application of statutory construction techniques is persuasive that Valley Bank should not be able to take advantage of section 547(c)(1).
The Bank contends, however, that subsections (c)(1) and (c)(3) are not mutually exclusive. The Bank refers to the following statement from the legislative history:
Subsection (c) contains exceptions to the trustee’s avoiding power. If a creditor can qualify under any one of the exceptions, then he is protected to that extent. If he can qualify under several, he is protected by each to the extent he can qualify under each.
H.R.Rep. No. 95-595, 95th Cong., 1st Sess., reprinted in 1978 U.S.Code Cong. & Ad. News at 6329. The Bank argues that this legislative history indicates that Congress did not intend that section 547(c)(3) be the exclusive exception for purchase money security transactions.
The Bank places too much reliance on this legislative history. As one bankruptcy court commented:
The legislative history does not reveal which sections might provide multiple protection or why a transferee would desire to qualify under more than one section because satisfaction of any section excepts the entire transfer from avoidance. Assuming some purpose for multiple protection, however, the legislative history cannot be interpreted, as FMCC argues, to suggest that all exceptions in § 547(c) are interchangeable and overlap. Each section has distinct prerequisites and to the extent one of those elements is absent, the section is inapplicable. Similarly, those sections that are inconsistent with each other will not be applied to one another.
In re Murray, 27 B.R. at 449 n. 7. The legislative history does not explicitly state that subsections (c)(1) and (c)(3) overlap. The legislative history does explicitly state that Congress intended section 547(c)(1) to except certain transactions involving payment by check and that section 547(c)(3) excepts certain transactions involving enabling loans. These are distinct types of transactions. The cited legislative history is not persuasive for the proposition that section 547(c)(1) and section 547(c)(3) overlap in their coverage of transactions.
Our conclusion is further supported by the fact that applying section 547(c)(1) to enabling loan transactions would make section 547(c)(3) superfluous. See In re Christian, 8 B.R. at 819. If the contemporaneous exchange exception of section 547(c)(1) were applicable to all purchase money security transactions, then the more specific provisions of section 547(c)(3), such as the 10-day perfection requirement, would be meaningless. We are not persuaded that Congress intended this result.
IV
CONCLUSION
None of the provisions of section 547(c) are applicable to this transaction and, therefore, the Bank’s security interest is not exempt from the avoidance provisions of section 547(b).
AFFIRMED.

. 11 U.S.C. § 547(b) provides:
(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition; or
(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—
(i) was an insider; and
(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and
(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

. 11 U.S.C. § 547(c)(1) provides:
(c) The trustee may not avoid under this section a transfer—
(1) to the extent that such transfer was—
(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
(B) in fact a substantially contemporaneous exchange.

. 11 U.S.C. § 547(c)(3) provides:
(c) The trustee may not avoid under this section a transfer
(3) of a security interest in property acquired by the debtor—
(A) to the extent such security interest secures new value that was—
(i) given at or after the signing of a security agreement that contains a description of such property as collateral;
(ii) given by or on behalf of the secured party under such agreement;
(iii) given to enable the debtor to acquire such property; and
(iv) in fact used by the debtor to acquire such property; and
(B) that is perfected before 10 days after such security interest attaches.