In re Linda Rose MANDRELL, Debtor.

T. Larry EDMONDSON, Trustee, Plaintiff,

v.

Linda Rose MANDRELL and Ford Motor Credit Company, Defendants.

Bankruptcy No. 383–03992.
Adv. No. 383–0506.

United States Bankruptcy Court,
M.D. Tennessee.

April 24, 1984.

Jack Green, Nashville, Tenn., for debtor.

T. Larry Edmondson, Nashville, Tenn., Trustee.

Kevin Jones, Nashville, Tenn., for FMCC.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The trustee seeks to avoid the transfer of a security interest in an automobile as a preference pursuant to 11 U.S.C.A. § 547 (West 1979). The elements of a preference are not disputed. The two issues presented are: (1) whether Ford Motor Credit Company's ("FMCC") security interest is excepted from avoidance by either 11 U.S.C.A. § 547(c)(1) (West 1979) or 11 U.S.C.A. § 547(c)(3) (West 1979); and (2) whether the trustee's complaint is barred by either estoppel or laches. After review of the briefs, arguments and applicable authority, the court finds that summary judgment should be entered in favor of the trustee.

The following constitute findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

The facts are not disputed. On July 16, 1982, Linda Rose Mandrell ("debtor") purchased a new 1982 Ford Escort automobile. The debtor made a $575 down payment and financed the balance of the purchase price through FMCC. The installment sales contract required monthly payments of $206.39 and granted FMCC a security interest in the automobile. On July 29, 1982, FMCC applied for a certificate of title and for notation of its lien with the County Court Clerk for Davidson County, Tennessee. The application was received by the State of Tennessee, Department of Revenue, Motor Vehicle Division, on August 4, 1982.[1]

On September 17, 1982, the debtor filed a voluntary Chapter 7 petition. FMCC was scheduled as a secured creditor holding a

---

**1.** This court has held that under Tennessee law, perfection of a security interest in a car occurs when the title application and request for lien notation are actually received by the Motor Vehicles Division. *Waldschmidt v. Miracle Motors (In re Haynes),* 28 B.R. 136, 138 (Bkrtcy.M.D. Tenn.1983). August 4, 1982 is, therefore, the date FMCC's security interest was perfected.

claim of $9,700. On October 25, 1982, the debtor attended the meeting of creditors and expressed her intention to reaffirm the obligation to FMCC pursuant to 11 U.S.C.A. § 524(c) (West 1979). At the discharge hearing on December 7, 1982, the debtor tendered a proposed reaffirmation agreement. Approval of the agreement was denied. The debtor filed a motion to reconsider and upon receipt of additional proof, this court approved the reaffirmation agreement on January 6, 1983.

On August 15, 1983, the trustee filed this complaint to avoid FMCC's security interest pursuant to 11 U.S.C.A. § 547 (West 1979). FMCC argues that its security interest is protected under 11 U.S.C.A. § 547(c)(3) (West 1979), the "enabling loan exception" and 11 U.S.C.A. § 547(c)(1) (West 1979), the "contemporaneous exchange exception," and that the trustee's complaint is barred by estoppel and laches. The matter was submitted on cross-motions for summary judgment on February 1, 1984.

## I. AVOIDABLE PREFERENCE

Neither FMCC nor the debtor disputes that all elements of a preferential transfer are present.[2] The transfer of the security interest in the debtor's automobile was made to or for the benefit of FMCC, on account of an antecedent debt, while the debtor was insolvent, within 90 days of the filing of the bankruptcy petition and enabled FMCC to receive more than it would realize in a Chapter 7 liquidation. The trustee may recover the car and any payments made during the 90-day preference period[3] unless the transfer is excepted from avoidance under one of the subsections of § 547(c) or protected by another defense.

## II. THE "ENABLING LOAN" AND "CONTEMPORANEOUS EXCHANGE" EXCEPTIONS

FMCC's § 547(c)(1) and (c)(2) defenses are without merit. FMCC argues that its security interest was timely perfected under state law[4] and, therefore, is not avoidable by the trustee. In the alternative, FMCC claims that perfection of its security interest on August 4, 1982 was a contemporaneous exchange within the meaning of § 547(c)(1).[5] This court has disposed of

---

**2.** 11 U.S.C.A. § 547(b) (West 1979) provides:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
> (A) on or within 90 days before the date of the filing of the petition;
> * * * * * *
> (5) that enables such creditor to receive more than such creditor would receive if—
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

**3.** 11 U.S.C.A. § 550(a) (West 1979) provides:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section ... 547 ... of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the

court so orders, the value of such property, from—
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> (2) any immediate or mediate transferee of such initial transferee.

The trustee is thus entitled to recover the car or its value and each prepetition payment made during the 90-day preference period.

**4.** TENN. CODE ANN. § 47-9-301(2) provides:

> If the secured party files with respect to a purchase money security interest before or within twenty (20) days after the collateral comes into possession of the debtor, he takes priority over the rights of a transferee in bulk or of a lien creditor which arise between the time the security interest attaches and the time of filing.

**5.** 11 U.S.C.A. § 547(c)(1) (West 1979) provides:

> (c) The trustee may not avoid under this section a transfer—
> (1) to the extent that such transfer was—
> (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

both of these arguments in *Waldschmidt v. Ford Motor Credit Co. (In re Murray)*, 27 B.R. 445, 449 (Bkrtcy.M.D.Tenn.1983).[6] FMCC presents no new argument or compelling reason to reconsider or reverse *Murray*. The United States Court of Appeals for the Sixth Circuit has recently noted that:

> Most courts ... have concluded that an expansive reading of section 547(c)(1) renders section 547(c)(3) redundant and superfluous in the enabling loan context, and thus, is an unwarranted and erroneous construction. [citing *Murray* and cases cited therein] ... Although this case does not involve an "enabling loan," we are also persuaded that expansion of section 547(c)(1)'s reference to contemporaneity beyond 10 days in the context of transfers of security interests is erroneous.

*Ray v. Security Mutual Finance Corp. (In re Arnett)*, 731 F.2d 358, at 363 (6th Cir.1984).

■ Section 547(c)(3) thus does not protect FMCC's perfection outside of the 10-day period provided in the statute [7] and the § 547(c)(2) "contemporaneous exchange" exception is not available to insulate FMCC's enabling loan from the trustee's avoiding powers. *Waldschmidt v. Ford Motor Credit Co. (In re Murray)*, 27 B.R. at 449. *See also Valley Bank v. Vance*, 721 F.2d 259, 262 (9th Cir.1983); *Knauer v.*

---

*Enlow*, 20 B.R. 480 (Bkrtcy.S.D.Ind.1982); *Exchange Bank v. Christian*, 8 B.R. 816 (Bkrtcy.M.D.Fla.1981); *Brown v. Callaway Bank (In re Meritt )*, 7 B.R. 876 (Bkrtcy.W. D.Mo.1980); 2 NORTON BANKR. L. & PRAC. § 32–13 at 41–42 (1981); WHITE & SUMMERS, UNIFORM COMMERCIAL CODE § 24–4, at 1006 (2d ed. 1980); 4 L. KING, COLLIER ON BANKRUPTCY ¶ 547.46, at 136.4 n. 13(c) (15th ed. 1982).

## III. ESTOPPEL AND LACHES

■ FMCC cannot escape the outcome mandated by *Murray* with its argument that this action is barred by estoppel or laches. Estoppels are not favored in the law and the standards of proof are strict. Estoppel of the sort sought by FMCC:

> is available when one party has, with knowledge of the facts, engaged in misleading conduct with the expectation that such conduct shall be acted upon by another party and the other party justifiably relies on such conduct and acts upon it to its detriment. (citations omitted).

*Irving Pulp & Paper Ltd. v. Dunbar Transfer & Storage Co.*, 732 F.2d 511 at 514 (6th Cir.1984). *See also Sigmon Fuel Co. v. T.V.A.*, 531 F.Supp. 80, 82 (E.D.Tenn. 1982); *Robby's Pancake House of Florida, Inc. v. Martin*, 21 B.R. 754, 758 (Bkrtcy.E. D.Tenn.1982).

\* \* \* \* \* \*

(3) of a security interest in property acquired by the debtor—

(A) to the extent such security interest secures new value that was—

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of· the secured party under such agreement;

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

(B) *that is perfected before 10 days after such security interest attaches.* (emphasis added).

FMCC perfected its security interest on August 4, 1982, 19 days after the debtor acquired rights in the property on July 16, 1982.

---

(B) in fact a substantially contemporaneous exchange.

**6.** The decision in *Murray* was entered during a period when this court lacked jurisdiction to act in bankruptcy proceedings. *See Walter E. Heller & Co. v. Matlock Trailer Corp.*, 27 B.R. 318 (M.D.Tenn.1983). The decision was subsequently vacated, reentered, and adopted by the United States District Court for the Middle District of Tennessee on May 20, 1983. *Waldschmidt v. Ford Motor Credit Co. (In re Murray)*, 33 B.R. 112 (M.D.Tenn.1983). Because the published adoption by the district court did not include the text of the decision, all citations to *Murray* are to the original published memorandum.

**7.** 11 U.S.C.A. § 547(c)(3) (West 1979) provides in pertinent part:

(c) The trustee may not avoid under this section a transfer—

FMCC does not assert that the trustee made any misrepresentations or acted with the expectation of deceiving either FMCC or the debtor during the administration of this case. The trustee is not alleged to have expressed an opinion concerning avoidance of FMCC's security interest and the trustee did not abandon his interest in the car in any of the ways provided in 11 U.S.C.A. § 554 (West 1979). The only conceivable ground for estoppel is that the trustee did not advise the debtor and FMCC of a potential preference action prior to the reaffirmation agreement. However, there is no evidence that the trustee knew the security interest was preferential prior to the filing of this complaint.

The reaffirmation agreement executed by the debtor and FMCC does not estop the trustee from avoiding the original transfer as a preference. Nothing in § 524 indicates that Congress contemplated reaffirmation to be in derrogation of the trustee's powers to recover property for the benefit of the estate under § 547. Postpetition acts of the debtor and creditor, however well-intentioned, cannot protect a preferential transfer from the trustee's avoiding powers.

The trustee is also not barred by the doctrine of laches. Laches is an equitable doctrine that constitutes a *"quasi* statute of limitations." The essence of the defense is that a party has unreasonably and prejudicially delayed asserting a cause of action. Application of laches is committed to the discretion of the court. *Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965); *Thropp v. Bache Halsey Stuart Shields, Inc.,* 650 F.2d 817, 823 (6th Cir. 1981). However, laches is inappropriate when a specific statute of limitation is provided by applicable law. *Thropp v. Bache Halsey Stuart Shields, Inc.,* 650 F.2d at 822. 11 U.S.C.A. § 546(a) (West 1979) provides such a limitation period for preference proceedings:

(a) An action or proceeding under section ... 547 ... of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; and

(2) the time the case is closed or dismissed.

The debtor's case has neither been closed nor dismissed and the trustee brought the preference action within the two years allowed by the statute. Laches is not available as a defense.[8]

Accordingly, FMCC's security interest is avoidable pursuant to 11 U.S.C.A. § 547 (West 1979). The debtor shall turn over to the trustee the automobile[9] and FMCC

---

8. In addition, to prove laches, FMCC must demonstrate that the trustee had knowledge of the defective security interest and failed to act diligently to assert the preference action. *See, e.g., Costello v. United States,* 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961); *United States v. Weintraub,* 613 F.2d 612, 619 (6th Cir. 1979). No evidence was proffered, nor is the argument advanced, that the trustee had knowledge that the security interest was a preferential transfer other than immediately prior to filing this action. There is no proof that the trustee failed to act diligently when the preferential nature of the security interest was determined. Finally, neither FMCC nor the debtor have proven with specificity how they were prejudiced by the delay. The debtor had possession and use of the automobile and FMCC received the benefit of its contractual payments.

9. The debtor's turn over of the automobile to the trustee creates the anomolous situation that the debtor is personally obligated on a post-petition contract covering the automobile with FMCC pursuant to a reaffirmation agreement entered under 11 U.S.C.A. § 524(c) (West 1979). Through no fault of her own, the debtor has lost possession and all benefit of the automobile. The debtor, however, has not moved this court to vacate the reaffirmation agreement in the event the turnover of the automobile was ordered. Considering the equities of the situation (at the very least, there has been a complete failure of consideration for the debtor's agreement to reaffirm the debt), the court would entertain a motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure as made applicable to bankruptcy proceedings by Rule 9024 of the Bankruptcy Rules to vacate or otherwise alter the court's reaffirmation order. The court reserves the question whether the debtor has a right of action against FMCC to recover postpetition payments made in reliance on the avoidable security interest.

shall account for and turn over to the trustee all payments received from the debtor during the 90 days prior to the filing of the bankruptcy petition.

An appropriate order will be entered.