**In re A.E.F.S., INC., Debtor,**

**Edward W. BERGQUIST, Trustee, Plaintiff,**

v.

**CESSNA FINANCE CORPORATION, Defendant.**

**Bankruptcy No. 3–83–931.**
**Adv. No. 3–83–505.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

May 8, 1984.

Edward Bergquist, Minneapolis, Minn., trustee, pro se.

Timothy Schupp, St. Paul, Minn., for Cessna Finance Corp.

## ORDER GRANTING SUMMARY JUDGMENT

JOHN J. CONNELLY, Bankruptcy Judge.

This matter came before the Court on cross motions of the plaintiff and defendant for summary judgment. The matter was submitted to the Court on a stipulation of facts and the admission of Cessna Finance Corporation ("CFC") that it had received a preferential transfer within the meaning of 11 U.S.C. § 547(b). The sole issue that remained was whether the preference was avoidable. The trustee asserts that since CFC perfected its security interest two months after the plane was purchased by the debtor CFC's interest may be avoided because it does not fall within the exceptions created by 11 U.S.C. § 547(c)(3), the 10-day security interest exception, nor the "substantially contemporaneous exchange" provision of 11 U.S.C. § 547(c)(1). The parties submitted briefs on the legal issues.

Based on the file and arguments of counsel, the Court makes the following order pursuant to the Rules of Bankruptcy Procedure.

On January 7, 1983 the debtor purchased a CFC airplane from Star Aviation, a CFC aircraft dealer in South Dakota. CFC, the defendant in this action, financed the purchase and was assigned Star Aviation's sales contract and security agreement. Two months later on March 7, 1983 CFC filed the conditional sales contract with the Federal Aviation Administration. The filing constituted perfection of CFC's security interest in the plane pursuant to M.S.A. 336.9–302(4). On May 23, 1983 the debtor filed a voluntary Chapter 7 bankruptcy petition.

11 U.S.C. § 547(b) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The parties agree that CFC's perfection of its security interest on March 7, 1983 meets all the elements of § 547(b). CFC argues that the question then becomes whether the transfer is not avoidable because it meets the requirements of § 547(c)(1) and/or § 547(c)(3). The trustee asserts that only § 547(c)(3) is applicable to this case because that subsection deals exclusively with security interests. The Court agrees with the trustee's interpretation of the law. See *In re Arnett*, 731 F.2d 358 (6th Cir.1984) ("expansion of 547(c)(1)'s reference to contemporaneity [sic] beyond ten days in the context of transfers of security interests is erroneous"); *In re Vance*, 721 F.2d 259 (9th Cir.1983) (contemporaneous exchange exception to trustee avoidance powers inapplicable to security interests in light of separate exception for security interest transactions); *In re Murray*, 27 B.R. 445 (Bkrtcy.Tenn.1983) (§ 547(c)(3)'s "enabling loan" exception governing non-avoidance preferences is the exclusive exception available to security interest transactions);

*In re Davis,* 22 B.R. 644 (Bkrtcy.Ga.1982); *In re Enlow,* 20 B.R. 480 (Bkrtcy.Ind.1982); and cases cited therein.

There is no question that CFC failed to perfect its security interest within the 10-day period required under 11 U.S.C. § 547(c)(3)(B). Therefore, the Court finds that CFC's interest is avoidable by the trustee under § 547(b).

ACCORDINGLY, IT IS ORDERED:

(1) That the defendant's motion for summary judgment be and the same is hereby denied; and

(2) That the plaintiff's motion for summary judgment be and the same is hereby granted, and in furtherance thereof it is specifically adjudged that the security interest of the defendant in the plaintiff's airplane is null and void, and the defendant is directed to execute and deliver such documents as may be necessary to extinguish the security interest of record with the Federal Aviation Administration.