MEMORANDUM*
I. OVERVIEW
Joseph J. Janas (“the Trustee”) appeals the District Court’s reversal of the Bankruptcy Court’s decision and grant of summary judgment in favor of Reuter Equipment Company (“Reuter”). The Trustee seeks avoidance of certain payments made by the debtor to Reuter as preferential payments under 11 U.S.C. § 547(b) (2001). Because we find that the payments meet the “contemporaneous exchange” exception of 11 U.S.C. § 547(c)(1) (2001), we affirm the District Court’s order.
II. FACTUAL AND PROCEDURAL BACKGROUND
The Arizona Department of Transportation (“ADOT”) contracted with the debtor, JWJ Contracting Company, Inc. (“JWJ”), to construct two roadways (“the Projects”). JWJ enlisted Continental Insurance Company (“Continental”) as its surety on the Projects. Continental subsequently issued payments and performance bonds for JWJ on both jobs.
Reuter supplied JWJ with the labor, parts, and equipment necessary to complete the Projects. Reuter supplied these goods and services to JWJ on credit, and then issued invoices to obtain payment. The invoices were due and payable within *781 ten (10) days. Due to an accumulation of unpaid invoices, Reuter eventually changed its business relationship with JWJ from “credit” to “C.O.D.” in the hope that JWJ would bring its account to a current status.
At issue are three transfers JWJ made to Reuter in early April, shortly before filing for bankruptcy. On April 14, 1994, JWJ issued a check to Reuter in the amount of $33,263.48, in partial payment of Reuter’s invoices. The check was subsequently dishonored due to insufficient funds. On April 26, 1994, JWJ issued a replacement check in the same amount, which cleared JWJ’s bank and resulted in a transfer from JWJ to Reuter. On May 17, 1994, JWJ issued two additional checks, in the amounts of $25,660.82 and $38,682.71, as payments to be split between the Projects. The checks were to cover JWJ’s entire indebtedness to Reuter. Both checks were honored by JWJ’s bank and resulted in transfers of the above amounts to Reuter.
JWJ filed a petition for relief under Chapter 11 of the Bankruptcy Code on July 1, 1994. The case was subsequently converted to Chapter 7 and Joseph J. Janas was appointed as Trustee. Continental, acting as JWJ’s performance bond surety, finished both Projects. Although Continental successfully asserted its equitable hen rights to all remaining identifiable contract proceeds, they nevertheless lost money on the Projects.
The Trustee brought an action to avoid and recover the three transfers which were paid to Reuter. The Trustee asserted that these payments were “preferential” transfers excepted from payment, pursuant to 11 U.S.C. § 547(b).[2] The Trustee and Reuter each moved the Bankruptcy Court for summary judgment. The court granted the Trustee’s motion, and found the payments to be preferences and thus recoverable to the Trustee. Accordingly, the court rejected Reuter’s argument that the transfers met an exception under 11 U.S.C. § 547(c), which would render the payments unrecoverable.
Reuter appealed the Bankruptcy Court’s decision to the District Court of Arizona, arguing that the payments were protected from avoidance by the “contemporaneous exchange” exception pursuant to 11 U.S.C. § 547(c)(1).[3] Reuter pressed its argument that the three disputed transfers met the exception to the 11 U.S.C. § 547(b) preferences provision because a spreadsheet prepared by an accountant for Continental (“the Vaughn affidavit”) showed that, at the time the payments were made, unpaid contract proceeds were being held on each job which were larger than the value of the payments. The District Court agreed, reversed the Bankruptcy Court decision, and *782 entered summary judgment for Reuter, finding that Reuter had made a sufficient showing under 11 U.S.C. § 547(c)(1). This appeal ensued.
III. STANDARD OF REVIEW
Although this appeal is from a final order of the District Court, we review the underlying decision of the Bankruptcy Court de novo. Atalanta Corp. v. Allen (In re Allen), 300 F.3d 1055, 1058 (9th Cir.2002) (stating that, “[bjecause this court is in as good a position as the district court to review the findings of the bankruptcy court, [this court] independently reviews the bankruptcy court’s decision”) (internal quotation marks and citation omitted); accord Onink v. Cardelucci (In re Cardelucci), 285 F.3d 1231, 1233 (9th Cir.2002) (stating that, “[tjhis Court reviews de novo the district court’s decision on an appeal from a bankruptcy court”) (citation omitted).
Whereas the Bankruptcy Court’s decision to grant summary judgment is reviewed de novo, its factual findings are reviewed for clear error. See Beeler v. Jewell (In re Stanton), 303 F.3d 939, 941 (9th Cir.2002); cf. Carrillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir.2002).
Summary judgment is appropriate “if the record shows that ‘there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.’ ” Arrow Elecs., Inc. v. Justus (In re Kaypro), 218 F.3d 1070, 1073 (9th Cir.2000) (quoting Fed. R. Civ. P. 56(c)). “The evidence, and all reasonable inferences therefrom, must be viewed in the light most favorable to the non-moving party.” Id.
DISCUSSION
1. The Vaughn Affidavit
The Trustee contends that Reuter waived its opportunity to present the Vaughn affidavit to the Bankruptcy Court, and thus the District Court should not have considered it. The Trustee argues that this waiver precludes Reuter from making a showing that the transfers meet the “contemporaneous exchange” exception to 11 U.S.C. § 547(b).
The affidavit consists of a spreadsheet prepared by Continental’s accounting manager. In short, it shows that between May 3, 1994 and the time JWJ filed for bankruptcy, the ADOT paid $316,131.00 from the Projects into “Cash Collateral” accounts set up by order of the Bankruptcy Court. The affidavit was used by the District Court to demonstrate that on July 1, 1994, when JWJ filed for bankruptcy, ADOT held unpaid contract balances for JWJ. As such, the court determined that the transfers met the statutory requirements of the exception.
“[I]ntermediate appellate courts may consider any issue supported by the record, even if the bankruptcy court did not consider it.” O’Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957 (9th Cir.1989). The evidence shows that the Vaughn affidavit was part of the record; indeed, it was plainly attached to several motions filed by Continental.[4] Moreover, the Trustee personally drew the Bankruptcy Court’s attention to the affidavit itself. It is our view that the District Court, in deciding to grant summary judgment in favor of Reuter, relied on the entire underlying administrative file. Under E.R. Fegert, whether or not the District Court actually ruled on the issue of the contract proceeds is not dis- *783 positive. Id. Because the affidavit was included as part of the record, Reuter’s failure to raise the affidavit is not fatal. Thus, the District Court properly considered the Vaughn affidavit.
2. “Contemporaneous Exchange” Exception
The Trustee also argues that the District Court erred because Reuter failed to make a sufficient showing that the transfers constituted a contemporaneous exchange for new value, as required by 11 U.S.C. § 547(c)(1).
The power of a bankruptcy trustee to avoid preferential transfers for antecedent debts arises under 11 U.S.C. § 547(b). Valley Bank v. Vance (In re Vance), 721 F.2d 259, 260 (9th Cir.1983). A debtor who makes a payment to a single creditor and not another is prohibited from doing so by 11 U.S.C. § 547(b) if the payment is made within 90 days of the debtor’s declaring bankruptcy. The debtor may thus completely avoid such “preference” payments. The dual purpose of the provision is to “discourage creditors from racing to the courthouse to dismember the debtor during its slide into bankruptcy and to further the prime bankruptcy policy of equal distribution among similarly situated creditors.” Banning v. Bozek (In re Bullion Reserve of N. Am.), 836 F.2d 1214, 1217 (9th Cir.1988) (citation omitted).
However, not all such payments may be avoided. Subsection (c) provides a list of exceptions to the trustee’s ability to avoid a transfer under 11 U.S.C. § 547(b). See 11 U.S.C. § 547(c). One such exception is explained in 11 U.S.C. § 547(c)(1), which states that a preference cannot be avoided if there has been a contemporaneous exchange for new value. Specifically, the section provides that “[t]he Trustee may not avoid under this section a transfer ... to the extent that such transfer was ... intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor[.]” Id.
The Bankruptcy Court found that Reuter did not meet the requirements of the “contemporaneous exchange” exception because they had failed to supply new value for the payments they received from JWJ. The District Court reversed, finding that Reuter met the exception because there existed unpaid contract proceeds at the time of the transfer to satisfy what would have been Continental’s equitable hen, had JWJ failed to make the payments. The court further reasoned that the release of Continental’s hypothetical security interest constituted new value under existing case law and thus Reuter had satisfied the statutory requirements of the exception.
It is weh established in our circuit that the release of a security interest in the form of a payment is considered to be “new value” for purposes of 11 U.S.C. § 547(c)(1). See In re E.R. Fegert, 887 F.2d 955, 959 (9th Cir.1989). In E.R. Fegert, the federal government had contracted with the debtor to build a portion of a highway, and the debtor had subcontracted portions of this work to two construction companies. The companies had completed their work when the debtor defaulted on its payments. Both companies instituted suit against the debtor and its surety. The debtor paid the subcontractors, but filed a bankruptcy petition less than 90 days later. In response to the trustee’s preference action, the two subcontractors moved for summary judgment based upon 11 U.S.C. § 547(c)(1). The reasoning by the Bankruptcy Appellate Panel in E.R. Fegert is instructive:
If the Debtor had not made the payments to ... [the subcontractors], then [] [the surety] would have been called upon to advance the funds and then *784 exercise its lien rights against payments due or to become due to the Debtor ... Since the Debtor’s payments to the subcontractors avoided the imposition of an equitable lien by the surety on future payments under the contract, there was no diminution of the estate. Under these facts, the release of the subcontractors’ rights against the surety, which in turn could have exercised its lien rights, constituted “new value” being given in a substantially contemporaneous exchange.
O’Rourke v. Coral Construction, Inc. (In re E.R. Fegert, Inc.), 88 B.R. 258, 260 (9th Cir.BAP1988).
We agree with the District Court that under this legal framework, the payments are excepted. JWJ made three transfers to Reuter that had the effect of paying them in full. If JWJ had not paid Reuter, Reuter would have had an automatic, equitable lien against the contract proceeds. Because the project was bonded, Reuter would have been directly paid by JWJ’s surety, Continental. This, in turn, would create an equitable hen in Continental against the contract balance. At the time JWJ transferred funds to Reuter, it is undisputed that there would have been sufficient funds to satisfy Continental’s hen, as evidenced by the Vaughn affidavit. See Sulmeyer v. Pacific Suzuki (In re Grand Chevrolet), Inc., 25 F.3d 728, 733 (9th Cir.1994) (citation omitted) (stating that, for purposes of 11 U.S.C. § 547(c)(1), “[vjalue should be measured at the time of the transfer!.]”). Thus, in paying Reuter, JWJ avoided Continental’s equitable hen. Under E.R. Fegert, the avoidance of this potential security interest constitutes “new value” and places the transfers squarely within section 574(c)(1). See E.R. Fegert, 887 F.2d at 959.
In sum, we agree with the District Court that Reuter satisfied ah of the elements of the “contemporaneous exchange” exception. Reuter demonstrated that the payments served to reduce the amount of Continental’s equitable hen against JWJ. Continental’s security interest constituted the new value that was contemporaneously exchanged the moment the proceeds were transferred from JWJ to Reuter. This exchange thereby satisfies the requirements for exception of avoidance under 11 U.S.C. § 547(c)(1).
IV. CONCLUSION
The District Court’s grant of summary judgment in favor of Reuter was proper. The transfers met the contemporaneous exchange exception to 11 U.S.C. § 547(b) and were thus protected from avoidance. Moreover, the District Court did not improperly consider the Vaughn affidavit in reaching this conclusion. Instead, the affidavit was properly considered as part of the record. Accordingly, the judgment of the District Court is AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. A preference is
[A]ny transfer of an interest in the debtor in property ... (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made ... (A) on or within 90 days before the date of the filing of the petition; or (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and (5) that enables such creditor to receive more than such creditor would receive if ... (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.
11 U.S.C. § 547(b) (2001).

. Under § 547(c), a trustee may not avoid a transfer “(1) to the extent that such transfer was ... (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and (B) in fact a substantially contemporaneous exchange[.]” 11 U.S.C. § 547(c) (2001).

. The affidavit was attached to Continental Insurance Company's Separate Statement of Undisputed Facts in Support of Motion for Summary Judgment.