**ROYAL PETROLEUM CORPORATION**
**v. SMITH.**
**No. 217.**

Circuit Court of Appeals, Second Circuit.
April 30, 1942.

---

842

William L. Stephens, of New York City, for petitioner.

Louis A. Tepper, and Lotterman & Tepper, all of New York City, for debtor.

Before L. HAND, C. E. CLARK, and FRANK, Circuit Judges.

PER CURIAM.

This cause comes to us upon appeals by both parties from an order in a reorganization proceeding under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The petitioner was the lessee of premises owned by the debtor, and the purpose of the motion was to obtain a declaration that the debtor and another corporation, which we shall call "Majestic," had broken some of the covenants of the lease, and that because of that, the lessee might lawfully vacate the locus in quo and should be awarded damages for the breach. The lease, and extension of the lease, and a later agreement amending the rights and liabilities of the parties, were annexed to the petition, which was served upon the trustee. He did not file any answer as required by Rule 7(a), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, but only an affidavit asserting (1) that he had a counterclaim, (2) argumentatively stating his own legal position and (3) alleging a few facts which for the most part were irrelevant and in any case were mediate or evidentiary. To this the lessee's attorney replied in turn by an affidavit, containing a discursive narrative of negotiations between the parties, and restating the lessee's original legal positions. The parties then stipulated that the district judge might "make such order * * * as the facts shall justify, it being the intention of the parties that all rights and claims between the trustee" and the lessee "shall be completely disposed of"; further "that if the Court should determine that the tenant has no right to an offset, the Court shall make a decree directing the tenant to pay all accrued rent * * * as well as such other direction as the facts may require." Upon these papers without more the judge filed an opinion, which was later followed by a long colloquy in his chambers at which the arguments of counsel and the remarks of the judge were all taken down by short-hand. These have been printed in extenso and fill twenty pages of the record. Thereafter the judge signed an order somewhat varying from his opinion; and it is from this that the parties have appealed.

If we were to deal rigidly with the record—if indeed such a farrago can properly be called a record at all—we might say that the parties had submitted to an arbitration from which no appeal lay; but it is apparent that this was not their actual purpose, so that we should not be doing justice if we merely dismissed the appeal. The petition may be treated as a complaint for a declaratory judgment under Rule 57, in spite of the fact that it is impossible with any assurance to disentangle from its allegations the facts upon which relief was predicated. Yet, since the lessee was either a creditor or a debtor of the debtor, there was room for, and propriety in, invoking the aid of the bankruptcy court for an authoritative declaration of its rights and liabilities. What those rights and liabilities were depended in large measure upon how far the covenants in the lease were dependent, especially whether the lessee's covenant to pay rent was dependent upon the covenant of "Majestic" to buy all its oil from the lessee. This we cannot satisfactorily determine without knowing what were the relations between "Majestic," the debtor and another party to the lease, the Alpine Petroleum Corporation; together with the circumstances under which the instruments were executed.

We could indeed treat the allegations of the petition as stating all the "ultimate," or "operational," facts on which the petitioner meant to rely; that is, that it maintained that the covenants were dependent merely because the Alpine Company was a "parent" of the debtor and of "Majestic," (by which we understand only that it holds a part of their shares), and because one, Charles Richel, was "an executive officer of all three" and the "majority stockholder * * * together with his brother." If those are indeed the only facts on which the identity of the three corporations is predicated, it will not help the petitioner to replead. Such a position would, however, be much less secure than if the Alpine Company owned all the shares of both the debtor and "Majestic," and if a single set of officers directed the affairs of all three without regard to their formal separate identity; and the case was argued as though those were the facts. It will certainly conduce to clarity therefore to allow the petition to be amended so as fully to disclose the relations between the corporations on which the petitioner relies. In any event the trustee's affidavit was certainly as little in substance as in form such an answer as the rules require, unless indeed it meant to admit all that the petition alleged; it should have been a pleading, which it certainly was not, whatever else it was.

However, quite regardless of any amendments of the pleadings, the facts must be found in such fashion that we can know with what we are dealing. Upon this record it is impossible to do so; not even the evidence is before us, if indeed there was any, as apparently there was not. If not, and if none is to be introduced, those facts on which the parties agree must be stated in such form that we can understand them. We will therefore reverse the order—without indicating any opinion upon the merits —and remand the case, as we did in Matton Oil Transfer Co. v. The Dynamic, 2 Cir., 123 F.2d 999. We wish further to call attention to the inclusion in the present record of the colloquy of court and counsel. Rule 75(e) explicitly forbids "all matter not essential to the decision"; and indeed before the Rules went into effect we had repeatedly declared against the practice. In re Syracuse Stutz Co., Inc., 2 Cir., 55 F.2d 914, 917; In re National Public Service Corp., 2 Cir., 68 F.2d 859, 861; In re Adolf Gobel, Inc., 2 Cir., 80 F.2d 849, 853;

Syracuse Engineering Co. v. Haight, 2 Cir., 97 F.2d 573, 575. None of the colloquy which was printed can be thought to have been in the remotest way, "essential to the decision." If in the rambling discussion anything "essential" had appeared, it should have been selected and put in such form as to be comprehensible. We cannot undertake to grope our way through a heap of rubbish on the odd chance of picking up a bit of sound metal here and there.

Order reversed; cause remanded.