In the Matter of E. C. ERNST, INC., E. C. Ernst Midwest, Inc., E. C. Ernst International Corp., Debtors.

E. C. ERNST INTERNATIONAL CORP., Debtor and Debtor-in-Possession, Plaintiff,

v.

Ajaj ANDARY et al., Defendants.

Chapter XI Nos. 2139–41, inclusive.

United States Bankruptcy Court, S. D. New York.

Oct. 26, 1979.

Shea, Gould, Climenko & Casey, New York City, for Debtors.

Hahn, Hessen, Margolis & Ryan, New York City, for Creditors' Committee.

Krause, Hirsch & Gross, New York City, for Creditors' Committee.

Robert Schulz, New York City, for defendant Valentine.

John Paul Mulcare, pro se.

Gold, Farrell & Marks, New York City, for Carnatzer, Smith and Bartnett.

Goodman & Ewing, Philadelphia, Pa., for Wiley, Jennings, Driskill, Peterson, Hopkins and Maxwell.

## DECISION ON MOTION TO DISMISS

EDWARD J. RYAN, Bankruptcy Judge.

Defendants Peter Bartnett, Robert Carnatzer, John A. Smith, Joseph Valentine, John Jennings, Felix Thomas Driskill, Carl Peterson, Charles P. Hopkins, Walter L. Wiley, Jay A. Maxwell and John Paul Mulcare seek an order from this court dismissing the complaint of debtor-plaintiff E. C. ERNST INTERNATIONAL CORP. ("International") pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and pursuant to Rule 712(b) of the Federal Rules of Bankruptcy Procedure. The motions of the defendants are denied upon the facts and for the reasons presented below.

On December 1, 1978, International filed its petition in proceedings for an arrangement under Chapter XI of the Bankruptcy Act. Thereafter, pursuant to the order of this court, International was continued in operation and control of its business as debtor-in-possession.

On or about February 16, 1979, International filed a summons and complaint before this court seeking injunctive and disciplinary relief against all of the named defendants. The complaint alleges that the named defendants, in attempts to collect amounts allegedly due to them under their respective contracts with International in connection with the construction of the King Abdul Azez Military Cantonment at Tabuk, Saudi Arabia, have violated the stay provision contained in Chapter XI Rule 11–44 by commencing or threatening to commence proceedings before the Saudi Arabian Labor Board. Furthermore, the complaint alleges that the violations of the stay imposed by Rule 11–44 were and continue to be knowing and willful violations, thereby constituting acts of civil and criminal contempt. International seeks an order enjoining each defendant from taking any action seeking to collect on his alleged indebtedness (with the exception of filing proofs of claim) and certifying each defendant to be in civil and criminal contempt and recommending appropriate punishment in connection therewith.

Between March and May, 1979, the defendants Bartnett, Carnatzer, Smith, Valentine, Jennings, Driskill, Peterson, Hopkins, Wiley, Maxwell and Mulcare each respectively filed motions for an order to dismiss the complaint on the grounds of lack of subject matter jurisdiction, lack of jurisdiction over the person of each of the named defendants, and failure of the complaint to state a claim upon which relief can be granted.

In adversary proceedings, Rule 708 of the Rules of Bankruptcy Procedure incorporates by reference Rule 8 of the Federal Rules of Civil Procedure, except clause (1) of subdivision (a) thereof. Thus, while there is no necessity for the recital of the grounds of jurisdiction, as provided in Rule 8(a)(1) of the Federal Rules of Civil Procedure, the Federal Rules do state rules of pleading which are entirely suitable for an adversary proceeding in a bankruptcy case. *Royal Petroleum Corp. v. Smith*, 127 F.2d 841, 842–43 (2d Cir. 1942).

The complaint is not insufficient for failure to state a claim upon which relief can be granted. In federal practice, pleadings are intended simply to put the defendant on notice as to the basic nature of plaintiff's case and to give the plaintiff a general idea of the defenses raised. Pleadings are to be liberally construed and a complaint should not be dismissed for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). It is clear from the papers submitted to this court that the defendants were so ade-

quately notified as to the nature of plaintiff's claim as to permit them to present detailed memoranda in opposition to the claim for relief. Furthermore, it cannot be stated with any certainty that the debtor-plaintiff is not entitled to any relief on the basis of the claim asserted. It appears to this court that plaintiff's complaint is well within the spirit of the Federal Rules and, therefore, the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied.

■ This court has jurisdiction over the subject matter and persons in the instant case. The principal purpose of a Chapter XI proceeding is to promote the rehabilitation of the debtor and to provide for an adequate arrangement satisfying, settling or extending the time of payment of the claims of debtor's unsecured creditors. To effectuate these purposes, Section 311 of the Bankruptcy Act confers on the bankruptcy court exclusive jurisdiction over the debtor and its property wherever located. 11 U.S.C.A., Bankruptcy, § 711 (1970). This grant of exclusive jurisdiction allows the court to proceed summarily with respect to the debtor's property. As a result of its summary jurisdiction and since process was effected on the defendants within the United States, this court has personal jurisdiction over the defendants pursuant to Rule 704(f)(1) of the Federal Rules of Bankruptcy Procedure.

The bankruptcy court has broad powers to secure exclusive jurisdiction over the debtor and its property. In Chapter XI proceedings, the bankruptcy court has the power to enjoin or stay other actions brought in other courts which tend to defeat or impair the paramount jurisdiction of the bankruptcy court in administering the debtor's estate. The court's injunctive and staying powers derive generally from Section 1651 of the Judicial Code and more directly from the court's inherent equity powers.

"[T]he court of bankruptcy has been armed with abundant power to preserve the status quo until there can be an adequate trial with all the necessary parties and a judgment on the merits." *Steelman v. All Continent Co.*, 301 U.S. 278, 57 S.Ct. 705, 81 L.Ed. 1085 (1936).

In addition to the inherent equity powers, Section 2a(15) of the Bankruptcy Act specifically grants the court authority in law and in equity to make such orders as are necessary to enforce the provisions of the Act. *Continental Illinois Nat. Bank & Trust Co. v. Chicago R. I. & P. Ry.*, 294 U.S. 648, 679, 55 S.Ct. 595, 79 L.Ed. 1110 (1935); *In re Lane Foods,* 215 F.Supp. 133 (S.D.N.Y. 1963). Furthermore, the bankruptcy court is expressly empowered to enjoin or stay other actions according to Section 314 of the Bankruptcy Act; and, the court is implicitly empowered by its exclusive jurisdiction under Section 311 of the Act to grant stays and injunctions. The automatic stay imposed by Rule 11–44 of the Federal Rules of Bankruptcy Procedure was intended to reinforce the policy of Sections 311 and 314 of the Bankruptcy Act.

■ The debtor-plaintiff has made out, at least an arguable case supporting the proposition that the accounts receivable from Blount Brothers, Inc. ("Blount") to the debtor-plaintiff are debtor's property within the meaning of Section 70(a) of the Bankruptcy Act. *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). Since this property is claimed to be constructively owned by the debtor and since there are no adverse claims to the property, this court would have summary jurisdiction over the accounts receivable if it were pursuing Blount in a controversy over the title thereto.

Since this court has summary jurisdiction over the subject matter and persons in the instant action, and since a claim for relief has been stated, the motion to dismiss the complaint is denied. Settle an appropriate order.