**In re ONE MARKETING CO., INC., Debtor.**

**ONE MARKETING CO., INC., Plaintiff,**

**v.**

**ADDINGTON & ASSOCIATES, et al., Defendants.**

**Bankruptcy No. 79–00763–H3.**
**Adv. No. 81–0982–H1.**

United States Bankruptcy Court, S. D. Texas, Houston Division.

Feb. 18, 1982.

Ted R. Widmer, Houston, Tex., for plaintiff One Marketing Co., Inc.

Daniel H. Johnston, Jr., Houston, Tex., for defendant Monarch Paper Co.

Memorandum Opinion on Motion for Summary Judgment

EDWARD H. PATTON, Jr., Bankruptcy Judge.

The matter before the court is a motion for summary judgment by the defendant in

an adversary proceeding by the plaintiff to recover alleged preferential transfers received by the defendant.

One Marketing Company, the plaintiff, filed a petition under Chapter 11 of the United States Bankruptcy Code on October 15, 1979. Pursuant to this petition, the plaintiff became a debtor in possession, with all the rights, powers and duties of a trustee, in accordance with 11 U.S.C. § 1107(a).

The plaintiff filed this adversary proceeding on October 30, 1981, alleging that preferential transfers, as defined in 11 U.S.C. § 547, were made to Monarch Paper Company, the defendant. The plaintiff seeks to recover such preferential transfers.

Monarch Paper Company, the defendant and movant, alleges that the plaintiff filed this suit more than two years after filing for bankruptcy, and is therefore barred under the two year statute of limitations set out in 11 U.S.C. § 546(a)(1).

■ The issue presented is whether the defendant has established, through the pleadings, that a debtor in possession falls within the purview of 11 U.S.C. § 546(a)(1), and that therefore there are no genuine issues of material fact and that the defendant is entitled, as a matter of law, to a summary judgment.

Section 546(a) provides that:

An action or proceeding under sections 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1802 of this title; and

(2) the time the case is closed and dismissed.

It is a well settled principle of law that words in a statute are to be accorded their plain, unambiguous meaning. *Caruth v. United States*, 566 F.2d 901, 905 (5th Cir. 1978), *In re Walsh*, 5 B.R. 239, 240, 2 C.B. C.2d 815, 817 (Bkrtcy.D.D.C.1980), *In re Palestino*, 4 B.R. 721, 722, 2 C.B.C.2d 440, 441 (Bkrtcy.M.D.Fla.1980). *See In re Lincoln Plaza Towers Assoc.*, 6 B.R. 808, 3 C.B.C.2d 153 (Bkrtcy.S.D.N.Y.1980). This language

must be regarded as conclusive, absent a clearly expressed legislative intent to the contrary. *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). In this instance, the legislative history does not shed any light on the subject nor is there any case law on point. Section 546(a)(1) specifically mentions trustees appointed under certain sections of the Code, with no mention of section 1107. It seems clear that had the legislature wanted to include section 1107, it could easily have done so. "The better view is that section 1107(a), which gives the debtor powers of a trustee and subjects the debtor in possession [sic] to the limitations placed on a trustee, does not equate service of the debtor in possession with the appointment of a trustee for those purposes of section 546(a). If a trustee is appointed in a case under Chapter 11 or in a case converted from Chapter 11, he will have two years from the date of his appointment to commence actions pursuant [to] 546(a)." 4 *Collier on Bankruptcy*, ¶ 546.02[2], (15th Ed. 1980).

■ Another consideration is the nature of a Chapter 11 proceeding itself. Under a Chapter 11 proceeding, any problems with preferential transfers can be dealt with in the disclosure statement or plan of reorganization, or both. It is not always necessary that preference problems be litigated. On the other hand, in a Chapter 7 proceeding the debtor's trustee must liquidate the debtor's non-exempt property which existed at the time of filing the bankruptcy, and distribute the cash proceeds to the creditors. It is incumbent upon the trustee to promptly reduce all of the debtor's assets to allow distribution to the creditors. Therefore, a Chapter 11 debtor in possession is not as pressed to recover preferential transfers as is a Chapter 7 trustee.

■ Furthermore, the debtor in possession and the debtor who made the preferential transfer being one and the same, there may be no inclination to seek a return of the preferential transfer. If the statute of limitations is allowed to run before the appointment of an independent trustee, this

might harm other creditors. Therefore, the sounder rule is to apply section 1107(a) only to independent trustees.

The conclusion of the court is that the defendant has failed to establish, as a matter of law, that the plaintiff is barred from bringing suit under 11 U.S.C. § 546(a).

The court's ruling is, of course, not on the merits of the case, but only on the defendant's motion for summary judgment. An order denying the motion is being entered this date.