**Richard R. GROVES and Adelle Groves, Plaintiffs,**

v.

**David PHELPS, dba Country Squire Builders, Defendant.**

**In the Matter of David L. PHELPS dba Country Squire Builders.**

**Bankruptcy No. 3–81–02741. Adv. No. 3–81–0843.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Aug. 23, 1983.

Sam G. Caras, Trial Atty., Dayton, Ohio, for plaintiffs.

J. Daniel Kilcoyne, Kettering, Ohio, for debtor-defendant.

### DECISION and ORDER

ELLIS W. KERR, Bankruptcy Judge.

This matter is before the Court upon Defendant's "Motion to Dismiss" and "Motion for Definite and Certain" [sic].

Branch I of Defendant's motion requests the Court to dismiss Plaintiffs' complaint on the ground that Plaintiffs have failed to file a proof of claim in Defendant's bankruptcy case and "have waived any right that they may have to now do so since the statutory time for filing such proof of claims has now passed and therefore the Complaint to Determine Dischargeability of Debts should be dismissed with prejudice by this Court." Defendant offers no legal authority for this proposition.

Without commenting on the theoretical merit of Defendant's motion, We merely note that the factual foundation upon which Branch I is based is incorrect. According to the "Order for Meeting of Creditors," the first meeting of creditors was to be held on October 23, 1981 and proofs of claims were to be filed within six months of that meeting. The deadline for filing proofs of claims was, therefore, approximately three and one-half months *subse-*

*quent* to the filing of Defendant's present motion (January 5, 1982). Further, Court records reveal that a proof of claim was filed with the Court by Plaintiff Richard Groves on December 7, 1981 (a month *prior* to Defendant's present motion being filed).

In Branch II of his motion, Defendant moves the Court for an order requiring Plaintiffs to set forth in specific detail their claim against the debtor. Defendant asserts that "The Plaintiffs have set forth several pages of documents without specifying what their claim in reality or in actuality is and this debtor is unable to determine what allegations or what claim the Plaintiffs are making against the debtor."

Fed.R.Civ.P. 12(e), applicable to this adversary proceeding by virtue of Bankruptcy Rule 7012, reads as follows:

MOTION FOR MORE DEFINITE STATEMENT: If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. *The motion shall point out the defects complained of and the details desired.* (Emphasis Supplied)

Although Plaintiffs' complaint is somewhat unusual in that it incorporates by reference a copy of a pleading (attached to Plaintiffs' complaint) previously filed in state court, it nevertheless gives Defendant notice of the nature of Plaintiffs' claims and does not appear to the Court as being so vague or ambiguous that Defendant cannot reasonably be required to frame a responsive pleading. Briefly, the complaint alleges that Defendant breached a contract for services entered into by Plaintiffs and Defendant; that Defendant executed a false affidavit concerning his performance under the contract; that as a result of Defendant's actions, liens were placed on Plaintiffs' property by third parties; that Plaintiffs suffered damages in satisfying those liens; and that debts owing to Plaintiffs by Defendant should be found to be nondischargeable under certain paragraphs of 11 U.S.C. § 523.

It is not clear what Defendant is requesting of Plaintiffs in his motion. A motion for a more definite statement must state the grounds for relief, i.e. it must point out the defects complained of and the details desired. Defendant's motion falls far short of this requirement. A motion for a more definite statement is not a substitute for the discovery devices contained in the Federal Rules of Civil Procedure.

We find Defendant's motion to be without merit.

We further find that action on matters filed after this motion had to be held in abeyance until decision on this motion; that if there is no appeal of this decision an Order will issue as to the procedure to be followed.