In the Matter of BRISTOL INDUS-
TRIES CORPORATION dba
Bristol Brass Company, Debtor.

Patrick W. BOATMAN,
Trustee, Plaintiff,

v.

McMILLAN MACHINERY CO., INC.
Ulbrich Wire, Inc., Defendants.

Bankruptcy No. 2–81–00861.
Adv. No. 2–84–0201.

United States Bankruptcy Court,
D. Connecticut.

Jan. 3, 1985.

Patrick W. Boatman, Berman & Sable, Hartford, Conn., for plaintiff.

Douglas Strauss, Bridgeport, Conn., for McMillan Machinery Co., Inc., defendant.

Mark R. Kravitz, and Edward Wood Dunham, Wiggin & Dana, New Haven, Conn., for Ulbrich Wire, Inc., defendant.

## MEMORANDUM AND ORDER

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

This matter is before the court on a motion to dismiss a complaint on the ground that it does not state a cause of action. The complaint, dated May 23, 1984, alleges that the plaintiff is the chapter 7 trustee of the estate of Bristol Industries Corporation (the debtor); that the debtor, while a debtor-in-possession in a superseded chapter 11 case, made an unauthorized transfer of estate property—a wire mill— to McMillan Machinery Company, Inc. (McMillan); that McMillan retransferred the wire mill to Ulbrich Wire, Inc. (Ulbrich), who had actual knowledge of the bankruptcy proceeding, the debtor's ownership of the wire mill, and the avoidable transfer to McMillan; and that Ulbrich was not a good faith transferee. The trustee seeks a judgment for the fair market value of the wire mill, in count 1, from McMillan and, in count 2, from Ulbrich. After stipulations extending to September 27, 1984, the date by which the defendants need file a responsive pleading, Ulbrich filed the present motion pursuant to Fed.R.Civ.P. 12(b)(6), applicable to bankruptcy matters by virtue of Bankr.R. 7012(b), seeking to dismiss the complaint for failure to state a claim upon which relief can be granted. Under Rule 12(b)(6), all allegations of fact in the complaint are to be treated as proven, and matters outside the complaint need not be considered. *Bowman v. Grolsche Bierbrouwerij B.V.*, 474 F.Supp. 725, 728 (D.Conn.1979). In this proceeding, Ulbrich has attempted to bring matters not included in the complaint to the court's attention by attaching documentary evidence as exhibits to its memorandum filed in support

of its motion and submitting an affidavit by Ulbrich's attorney repeating conversations between the trustee and the attorney concerning this litigation. Such exhibits and affidavits are anomalous under Rule 12(b)(6), and the court will not consider them in this ruling. It will also not consider the trustee's responsive affidavit. *Larsen v. American Airlines, Inc.*, 313 F.2d 599, 601 (2d Cir.1963) (affidavits submitted in support of motion to dismiss pursuant to Rule 12 can be excluded in discretion of court).

Fed.R.Civ.P. 8(a),[1] and Bankr.R. 7008, require that a complaint set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief. The pleader need not set out in detail the facts upon which he bases his claim. "A complaint should not be dismissed ... unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The trustee bases his cause of action on Bankruptcy Code §§ 549 and 550. Section 549 provides that "the trustee may avoid a transfer of property of the estate—(1) that occurs after the commencement of the case; and (2) ... that is not authorized under this title or by the court." Section 550, in pertinent part, states that to the extent a trustee avoids a transfer under § 549:

> ... the trustee may recover ... the property transferred, or, if the court so orders, the value of such property, from—
>
>   (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>
>   (2) any immediate or mediate transferee of such initial transferee.
>
> (b) The trustee may not recover under subsection (a)(2) of this section from—

> (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt in good faith, and without knowledge of the voidability of the transfer avoided; or
>
> (2) any immediate or mediate good faith transferee of such transferee.
>
> (c) The trustee is entitled to only a single satisfaction under subsection (a) of this section.

Ulbrich claims that the complaint is insufficient and dismissable because it lacks two essential allegations. Initially, Ulbrich contends that the trustee must allege that the debtor's estate received less than fair market value when the wire mill was transferred to McMillan because § 550(c) limits the trustee to only a single satisfaction. In addition, Ulbrich says the trustee must plead that Ulbrich had reason to know it was not "trading normally" with McMillan and that Ulbrich had "specific knowledge" of the particular facts giving rise to the alleged voidability of the sale to McMillan.

## II.

I conclude that there is no requirement that the trustee allege in a complaint seeking recovery under § 550 for an unauthorized postpetition transfer of estate property that less than fair market value was received by the estate. Sections 549 [2] and 550 do not so require and neither did case law construing their predecessors in the former Bankruptcy Act. *See In re Autocue Sales & Distributing Corp.*, 162 F.Supp. 17, 22–23 (S.D.N.Y.1958) (even though transferee gave adequate consideration for estate property transferred postpetition, transferee not in good faith must return property without benefit of the return of the consideration). *Cf. In re Verco Industries*, 704 F.2d 1134 (9th Cir.1983).

---

**1.** Fed.R.Civ.P. 8—*General Rules of Pleading*

(a) *Claims for Relief.* A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

**2.** Bankr.R. 6001 provides that "[a]ny entity asserting the validity of a transfer under § 549 of the Code shall have the burden of proof."

Ulbrich's reliance on § 550(c) is misplaced as that section obviously refers to the limitation, under the facts here, that the trustee may recover from McMillan and/or Ulbrich, but the total recovery may not exceed the fair market value of the property or the property itself. *See* 4 *Collier on Bankruptcy* ¶ 550.03[2] at p. 550–10 (15th ed.). ("[I]f the trustee recovers from a subsequent bad faith transferee, he may not recover again from the initial transferee of the debtor in an amount that would result in a recovery of more than the property or its value.")

The Bankruptcy Code, in § 502(h), deals with the claim of a transferee when a trustee exercises his avoiding powers. That section provides that a "claim arising from the recovery of property under section ... 550 ... of this title shall be determined ... the same as if such claim had arisen before the date of the filing of the petition." This has the effect, of course, of preventing a bad faith transferee from receiving a status other than as a prepetition creditor. *See* 4 *Collier on Bankruptcy, supra,* ¶ 549.03[1], at p. 549–9 ("The only remedy of a [§ 549] transference of personal property in the vast majority of cases will be a general unsecured claim against the estate under section 502(h)").

### III.

■ Ulbrich's second argument that the trustee's complaint must allege certain talismanic phrases, presumably to limit the situations in which Ulbrich can be found not to be a good faith transferee, is not supportable. The Bankruptcy Code does not contain a definition of "good faith." The legislative history of § 550 includes the following statement:

> Section 550(b) of the House amendment is modified to indicate that value includes satisfaction or securing of a present antecedent debt. This means that the trustee may not recover under subsec-

tion (a)(2) from a subsequent transferee that takes for "value", provided the subsequent transferee also takes in good faith and without knowledge of the transfer avoided.

124 Cong. Rec. H 11,097 (daily ed. Sept. 28, 1978); S 17,414 (daily ed. Oct. 6, 1978), reproduced in *Collier on Bankruptcy, supra* App. 3 §§ IX, X. The construction in this proceeding to be placed on the phrases contained in § 550(b), "in good faith" and "without knowledge of the voidability of the transfer avoided", must depend in large part upon the facts developed at trial. *See In re Coleman,* 21 B.R. 832, 836 (Bankr.S. D.Tex.1982) (noting that the Commission on the Bankruptcy Laws of the United States intended "good faith" to be interpreted by the courts on a case-by-case basis); 4 *Collier on Bankruptcy, supra* ¶ 550.03[1].

### IV.

The motion to dismiss the trustee's complaint for failure to state a cause of action is denied.[3]

---

**3.** Ulbrich also moved, pursuant to Bankr. Rule 9011, for the imposition of sanctions against the trustee for filing a complaint without investigating whether the debtor received fair market value for the property improperly transferred. Ulbrich contends such conduct "shows a patent disregard for the trustee's obligations as an attorney licensed to practice in the Federal Court ...." For the reasons discussed in the memorandum, Ulbrich's contention is in error. Its motion for sanctions merits no further discussion, and is hereby denied.