In re J.E. JENNINGS, INC. d/b/a Kids Point of View (J.E. Jennings of Florida, Inc. d/b/a Kids Point of View—Bankruptcy No. 83–03256K consolidated with this case), Debtor.

J.E. JENNINGS, INC., etc., Plaintiff,

v.

WILLIAM CARTER CO., Defendant.

Bankruptcy No. 83–03251K.
Adv. No. 84–0883K.

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 8, 1985.

Christopher Kuhn, Philadelphia, Pa., to debtor.

Leon Forman, Philadelphia, Pa., to defendant William Carter Co.

James Adelman, Philadelphia, Pa., to Creditors' Committee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue before the Court is the defendant's motion for judgment on the pleadings or for summary judgment in a suit brought by the debtors to recover a preferential transfer. The defendant argues that a preference action cannot be litigated after a Chapter 11 plan has been confirmed, and therefore, the complaint should be dismissed as a matter of law. For the reasons stated herein, we will deny the motion.

The facts relevant to consideration of the motion are not in dispute:

Voluntary petitions under Chapter 11 of the Bankruptcy Code ("Code") were filed by J.E. Jennings, Inc. on August 16, 1983 and by J.E. Jennings of Florida, Inc. on August 17, 1983 [1] (hereinafter referred to as "debtors-in-possession" or "debtors"). The cases were substantively consolidated on April 10, 1984.

The instant adversary proceeding to avoid a preference [2] was filed by the debtors on August 20, 1984. William Carter Co. ("defendant") responded to the complaint by filing an answer generally denying the allegations of the complaint and by filing the instant motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) [3] or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56.[4]

The debtors' Chapter 11 plan was confirmed by the Court on August 21, 1984, one day after the preference action was filed. The plan provides for a twenty percent (20%) payment to unsecured creditors and does not indicate whether the amount paid will be increased or otherwise affected by the recovery of preferences.

Identical motions for judgment on the pleadings or summary judgment have been filed by three (3) other defendants in other preference actions brought by the debtors. The motions were consolidated for hearing on January 21, 1985, at which time we held them under advisement.

The avoidance powers of the Code are intended for the benefit of the debtor's creditors. *In re Black & White Cattle Co.,* 30 B.R. 508, 516 (Bankr.App. 9th Cir.1983); *In re Wilson,* 4 B.R. 605, 607 (Bankr.E.D. Wash.1980). Thus, the debtor-in-possession holds avoidance powers in trust for the benefit of creditors. *In re Monsour Medical Center,* 5 B.R. 715 (Bankr.W.D.Pa. 1980). The power to avoid a preference is one which is to be exercised in the interests of securing equality of distribution among creditors. *In re Kennesaw Mint, Inc.,* 32 B.R. 799, 805 (Bankr.N.D.Ga.1983); *In re Sapolin Paints, Inc.,* 11 B.R. 930 (Bankr. E.D.N.Y.1981). Where no benefit to the estate will result, a debtor-in-possession may not exercise the avoidance powers of a trustee. *Whiteford Plastics Co., Inc. v. Chase National Bank of New York City,* 179 F.2d 582 (2d Cir.1950).

In the briefs filed with the Court, the defendant gives several reasons why the Court should not permit the debtors to continue to prosecute preference actions post-confirmation. Upon review of the arguments of the defendant, we are not convinced that summary judgment or judgment on the pleadings is appropriate at this juncture.

The initial argument of the defendant is based on the legal proposition that all assets of the estate revest in the debtor upon

1. Section 1101(1) of the Code defines "debtor-in-possession" to mean debtor for the purposes of Chapter 11 except when a trustee has been appointed under section 1104. Section 1107 authorizes a debtor-in-possession to perform all the functions and duties of a trustee serving in a chapter 11 case, except for those duties specified in sections 1106(a)(2), (3) and (4).

2. This is an action pursuant to section 547(b) of the Code to recover monies transferred to the defendant by the debtor within ninety (90) days prior to the filing of the bankruptcy petition. Section 547(b) authorizes the trustee or debtor-in-possession pursuant to 11 U.S.C. § 1107(a) to avoid the transfer if five (5) conditions are met.

3. Fed.R.Civ.P. 12(c) is applicable to adversary proceedings through Bankruptcy Rule 7012. Fed.R.Civ.P. 12(c) provides:

"(c) Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may

move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

4. Fed.R.Civ.P. 56 is applicable to adversary proceedings through Bankruptcy Rule 7056. Fed.R.Civ.P. 56(c) provides in pertinent part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

confirmation of a plan. Therefore, the defendant argues, any post confirmation recovery of preferential payments in this case will result in a "windfall" to the debtors and not be distributed to creditors as intended by the Code. The legal proposition is correct, but only if the plan does not contain language indicating otherwise. Clearly, section 1141(b) of the Code allows the debtor to insert language in the plan and order confirming the plan which permits the Bankruptcy Court to retain jurisdiction over some or all of the assets of the estate:

"*Except as otherwise provided in the plan or the order confirming the plan,* the confirmation of a plan vests all of the property of the estate in the debtor." (emphasis added)

█ Reference to the plan and the order confirming the plan in this case indicate that the debtors intended and expressly provided for retention of jurisdiction by the Bankruptcy Court over actions pending at the time of confirmation and actions commenced after the time of confirmation, and over any assets recovered as a result of these actions. The language is specific and seemingly overrides the broader and more general language in Article VII of the plan which states that the debtors will be revested with their assets upon confirmation. While the language in Article VII appears to be in conflict with the later provision in the plan providing for retention of jurisdiction, when the plan is read as a whole, the later provision is more specific and establishes the intent of the debtors to recover assets on behalf of creditors of the estate. Nevertheless, defendant claims that the language in the plan and in the Order is not specific enough to preserve jurisdiction over suits to avoid preferences.[5]

After a careful reading of the language in question, we reject the argument of the debtor. Article IX of the plan provides as follows:

*"Retention of Jurisdiction*

Subject to Article VII hereof, the Bankruptcy Court will retain jurisdiction until this Plan has been fully consummated, including, but not limited to, the following purposes:

...2. The determination of all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes, or conflicts, *whether or not subject to action pending as of the date of confirmation,* between the Debtors and any other party, including but not limited to, *any right of the Debtors to recover assets pursuant to the provisions of the Code."* (emphasis added)

The Order confirming the plan contains nearly identical language:

"ORDERED that the United States Bankruptcy Court for the Eastern District of Pennsylvania shall retain jurisdiction until the plan has been fully consummated, for the purposes of, but not limited to:

(a) Completion of all outstanding litigation not settled as of the date of this Order.

(b) The determination of all questions and disputes pertaining to the assets of the estate, and the determination of all causes of action, controversies, disputes and conflicts, whether or not subject to action pending as of the date of this Order, by the Debtor or any other party, including but not limited to any right of the Debtor to recover assets pursuant to the Bankruptcy Code."

Clearly, the instant causes of action to avoid preferences pursuant to section 547 of the Code are encompassed by the language "any right of the Debtors to recover assets pursuant to the provisions of the Code."

In proceedings for arrangement under Chapter XI of the Bankruptcy Act, Courts upheld post confirmation jurisdiction to recover preferential payments where the plan

---

5. See Defendants' Joint Supplemental and Reply Memorandum in Support of Motions for Judg-

ment on the Pleadings, or, in the Alternative, for Summary Judgment, p. 15.

provided for retention of jurisdiction. *In re Centennial Industries, Inc.*, 12 B.R. 99 (Bankr.S.D.N.Y.1981); *Texas Consumer Finance Corp. v. First National City Bank*, 365 F.Supp. 427 (S.D.N.Y.1973). The Court in *Texas Consumer Finance* stated: "If the debtor-in-possession has the powers of a trustee and if jurisdiction is specifically retained in the plan, the order of confirmation should not be the occasion for a windfall to the preferential transferee." *Id.* at 432. *Cf. In re Oceana International, Inc.*, 376 F.Supp. 956 (S.D.N.Y.1974) (court found no jurisdiction after confirmation because plan did not provide for retention of jurisdiction).

In *Centennial Industries,* the plan provided for retention of jurisdiction to hear objections to claims. Approximately one month after the plan was confirmed, the debtor-in-possession filed a complaint objecting to the defendant's claim and seeking recovery of preferential payments under 57(g) of the Act.

The defendant filed a motion to dismiss raising three (3) arguments: (1) the Bankruptcy Court lacked jurisdiction; (2) recovery of the preferential transfer would give the debtor a windfall; and (3) the debtor lacked standing to bring the adversary proceeding to recover a preference post confirmation. The Court denied the motion to dismiss and held that a retention of jurisdiction to hear objections to claims was a retention of jurisdiction to hear all controversies affecting the allowance process including a 57(g) objection. Reasoning that the recovery of the preferential transfer would be beneficial to creditors even after confirmation by providing additional assets for fulfillment of the plan, the Court stated: "[W]e find no reason to hold that the rights of this debtor-in-possession cease until consummation of the arrangement." 12 B.R. at 101–102.

Finally, the debtors have responded to defendant's allegations that debtors are seeking a windfall for themselves with affidavits and exhibits establishing that any funds recovered from this action or any other preference action will be distributed to creditors. Obviously, since this Court will adjudicate the preference actions, creditors will have ample opportunity to raise appropriate objections in the event that the debtors' commitment to creditors is not carried out.

The defendant's second, third, and fourth arguments in favor of dismissal of this action must also fail. The defendant contends that the debtors had a fiduciary duty to disclose their intentions regarding recovery of preferences in the disclosure statement and that by concealing their intention to file suits against fifty-three (53) creditors to recover alleged preferences, the debtors "obtained acceptance of the plan through fraud and misrepresentation". This argument is unacceptable for the following reasons. First, we fail to see how the absence of specific reference in the disclosure statement to intended preference actions has in any way harmed those creditors who constitute the majority of the entire body of creditors,[6] whereas, the dismissal of the instant action would harm those creditors because they would be denied the potential for receipt of additional funds if the action is successful. Those creditors may receive more than their anticipated distribution under the confirmed plan, but certainly they will not receive less. Thus, the purpose of the preference section of the Code, equality of distribution among creditors, is being carried out by the continuation of this adversary proceeding and not by its dismissal.

Second, the defendant has presented no proof that the debtors intended to defraud or mislead creditors. If fraud were present, the defendant could bring an action for revocation of the Order of confirmation under section 1144, which provides:

"On request of party in interest at any time before 180 days after the date of the entry of the order of confirmation,

---

6. The defendant rejected the plan in this case, although other creditors who are now being sued in preference actions may have accepted the plan. Nevertheless, creditors being sued in preference actions represent only twenty-five percent (25%) of the entire body of creditors.

and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud".

11 U.S.C. § 1144.

The defendant argues that the debtors had a duty to disclose the contemplated preference suits in the disclosure statement but offers no authority for this premise.

The debtors cite the case of *In re Werth,* 29 B.R. 220 (Bankr.D.Colo.1983), which, although not directly on point, nevertheless lends support for the counterargument that it was not necessary for the debtors to reveal their intentions regarding recovery of preferential payments in the disclosure statement.

In *Werth,* the Bankruptcy Court held that the debtor-in-possession could not be compelled to reveal in the disclosure statement the objections to claims which would be brought against creditors or the basis for such objections because the objections did not bear on the success or failure of the plan. Furthermore, the informed choice of creditors would not be enhanced by disclosure of such information due to the uncertainties regarding which claims would be disputed and the outcome of such proceedings. Similarly, the disclosure of intended preference actions would not have enhanced the ability of creditors to make an informed judgment about the plan in this case because of the uncertainties regarding the outcome of such proceedings; nor was this information material to the possible success or failure of the plan itself.

■■■■ The defendant's third argument is that the debtors' preference suits are time-barred by the doctrine of laches. Laches is an equitable doctrine that constitutes a *"quasi* statute of limitations". The essence of the defense is that a party has unreasonably and prejudicially delayed asserting a cause of action. Application of laches is committed to the discretion of the court. *In re Mandrell,* 39 B.R. 455, 459 (Bankr.M.D.Tenn.1984) *citing Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). Laches is inappropriate when a specific statute of limitation is provided by applicable law. *Mandrell, supra,* 39 B.R. at 459.

■■■■ Here, the doctrine of laches is inappropriate because the Bankruptcy Code provides a specific statutory time limitation for the commencement of a preference action in 11 U.S.C. § 546. *See Mandrell, supra.* Contrary to the defendant's assertions, section 546 does not set forth the date of confirmation as a cut-off date for the commencement of a preference action. Section 546 provides:

"(a) An action or proceeding under section ... 547 ... may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; or

(2) the time the case is closed or dismissed."

11 U.S.C. § 546.

Neither of the two (2) time limitations set forth in § 546 bar this suit because a trustee has not been appointed under § 1104 nor has the case been closed or dismissed. Section 546 does not speak to the situation where a debtor-in-possession is serving as trustee pursuant to § 1107 of the Code. In the case of *In re Korvettes, Inc.,* 42 B.R. 217 (Bankr.S.D.N.Y.1984), the Bankruptcy Court found that section 546 contains a statutory ambiguity and therefore fashioned a "rule of reason" as to when a debtor-in-possession may bring a preference action. But the Court in *Korvettes* was confronted with a different set of facts. The preference action was brought by the debtor-in-possession nearly eleven (11) months after confirmation of a plan and more than two (2) years after the filing of the petition. The Court observed that:

"There must be some finality to the debtor in possession's ability to bring preference actions in order to afford creditors the repose that Congress must have intended in enacting Code Section 546(a)...... As there is a statutory ambiguity with no helpful legislative history and no case law precedent in this district, it is necessary to explore the fashioning of a rule of reason so as to assure an

equitable and logical interpretation of the applicability or nonapplicability of Code Section 546 to debtors in possession.... It is thus my view that the longer of confirmation or two years from the reorganization filing date should be the appropriate period for the bringing of preference actions for statute of limitations purposes. Stated differently, a debtor in possession should be able to bring preference actions until a reorganization case is confirmed, no matter how long that process naturally takes."

42 B.R. at 221–223.

The Court went on to state that:

".... preference actions can still properly be brought post-confirmation in the instance where confirmation occurs within two years of the filing date."

*Id.*

In the case at bench, the debtors filed the instant preference action prior to confirmation, and confirmation occurred approximately one year from the filing date of the Chapter 11 petitions, or well within two years of the filing date.[7] Therefore, we find that the holding in *Korvettes* is not applicable and further conclude that the instant preference action was timely brought and should not be barred by the doctrine of laches.

The defendant's fourth argument concerns the treatment of defendant's claim in the event that the Court decides the preference action in the debtors' favor and orders the return of the alleged preferential payment. Defendant argues without supporting authority that the claim of a creditor who has paid a preference judgment recovered after confirmation should be unaffected by the plan and should have an administrative claim or independent claim against the debtors; therefore, any recovery in this proceeding is moot.

We find that we need not address this argument as the issue is not properly before the Court at this time.

Having failed to convince the Court that the instant preference action may not be litigated post confirmation, the defendant is not entitled to judgment as a matter of law. Therefore, the defendant's motion for summary judgment on the pleadings or for summary judgment is denied and the matter will be set for trial.

7. The Chapter 11 petitions were filed on August 16th and August 17th of 1983 respectively. The instant preference action was filed on August 20, 1984. Confirmation occurred on August 21, 1984.