In the Matter of STEEL, INC., Debtor/Plaintiff,

v.

Edward H. WINDSTEIN, Defendant.

STEEL, INC., Debtor/Plaintiff,

v.

Stephanie Ellen Carter BERRY, Defendant.

Bankruptcy Nos. 85–0054, 85–0055.

United States Bankruptcy Court, E.D. Louisiana.

Aug. 15, 1985.

Douglas Dodd and Kyle Schonekas, of Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for defendants.

Douglas Draper, of Dodge, Friend, Wilson & Spedale, New Orleans, La., for Unsecured Creditors' Committee.

### FINDINGS OF FACT
### CONCLUSIONS OF LAW

T.M. BRAHNEY, III, Bankruptcy Judge.

This matter came on for hearing on a complaint filed through the Unsecured Creditors' Committee against the defendants, Edward H. Windstein and Stephanie Ellen Carter Berry.

Steel, Inc. filed a voluntary petition under Chapter 11 of the Bankruptcy Code in

March, 1982. In May, 1982, the debtor filed a Statement of Financial Affairs which stated at item 21(b) that "Steel, Inc. purchased and redeemed 10,200 shares of its stock from Edw. H. Windstein, Jr., for $177,163.00 ... [and] 15,000 shares of its stock from Stephanie Ellen Carter Broders for $260,534.00." (Ms. Broders and Ms. Berry are the same person.) Steel, Inc. presently continues as debtor in possession. In August, 1982, a Committee of Unsecured Creditors was appointed. No plan under Chapter 11 has been confirmed by this Court.

In March, 1985, the Unsecured Creditors Committee filed adversary proceedings against Windstein and Berry on grounds that the stock redemptions which they perfected with the Debtor were voidable transfers under 11 U.S.C. § 548(a)(2). The redemptions occurred in June, 1981, less than one year before the date of the filing of the petition. The Plaintiff made a demand for damages. The two separate adversary proceedings were consolidated.

Windstein and Berry move to dismiss the present proceedings on grounds that the Committee's actions under § 548 are time-barred by 11 U.S.C. § 546(a) or alternatively because of the doctrine of laches. Defendants also contend that the Committee's complaints are insufficient under Bankruptcy Rule 7008.

It is first noted that this Court has authority to enter a final Judgment in this matter. *See* 28 U.S.C. §§ 157(a) and (b)(1). Proceedings to determine, avoid or recover fraudulent conveyances are properly categorized as core proceedings. *Id.* § 157(b)(2)(H). 11 U.S.C. § 546(a) (1982) provides that:

> An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of
>
> (1) two years after the appointment of a trustee under section 702, 1104, 1163 or 1302 of this title; and
>
> (2) the time the case is closed or dismissed.

In construing the effect of this statute, the language of the statute itself is the starting place. *Watt v. Alaska*, 451 U.S. 259, 265, 101 S.Ct. 1673, 1677, 68 L.Ed.2d 80 (1981). The plain meaning of this language must control unless there is convincing evidence that Congress intended something different by the words it chose. *Id.; Consumer Product Safety Comm'n. v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *In re One Marketing Co., Inc.*, 17 B.R. 738, 739 (Bankr.S.D.Tex.1982).

■ In this matter, no trustee has been appointed "under section 702, 1104, 1163 or 1302 of this title"; therefore, § 546(a)(1) is inapplicable where there is a Debtor in Possession. *One Marketing*, 17 B.R. at 739; *see In re Korvettes*, 42 B.R. 217, 219 (Bankr.S.D.N.Y.1984) ("there are neither statutory provisions, legislative history, nor cases equating a Debtor in Possession with a trustee for purposes of Code Section 546(a)"); *In re Jennings, Inc.*, 46 B.R. 167, 12 B.C.D. 905, 908 (Bankr.E.D.Pa.1985) (section 546(a)(1) inapplicable because a trustee has not been appointed under section 1104); *Matter of Silver Mills Frozen Foods*, 23 B.R. 179, 181 (Bankr.W.D.Mich. 1982); *see also* 4 Collier on Bankruptcy ¶ 546.02[2] (15th Ed.1985) (Collier concludes that if a debtor in possession is serving in a Chapter 11 case and no trustee has been appointed, then the two year period will not begin to run until a trustee is appointed).

Section 546(a)(2) provides that an action under section 548 may not be commenced after the time the case is closed or dismissed. The present case has not been closed or dismissed. Therefore, if a literal interpretation is employed, the present actions under section 548 are not time-barred by section 546. *See One Marketing*, 17 B.R. at 739–40; *Jennings, Inc.*, 46 B.R. 167, 12 B.C.D. at 908. *But see Korvettes, Inc.*, 42 B.R. at 220–21 (application of § 546(a)(2) in a case where there is no trustee appointed is unworkable and would cause great uncertainty because creditors may be exposed to the commencement of suit after entry of an Order of Confirmation, and the point at which the case is

closed is unclear under the Bankruptcy Code and Rules of Procedure).

Defendants argue that § 546(a)(2) is inapplicable and contend that the analysis of the Court in *Korvettes, Inc.* is properly utilized in this matter. In *Korvettes, Inc.,* the Court found § 546 to be inapplicable where the Debtor remained in possession and no trustee had been appointed. Therefore, the Court found it necessary to formulate a "rule of reason so as to assure an equitable and logical interpretation of the applicability or nonapplicability" of § 546 to Debtors in Possession. 42 B.R. at 221. In so doing, the Court recognized that when Congress has failed to express an applicable statute of limitation for a federal cause of action, the Federal Courts are to apply the appropriate state limitations period. *Id.* The Court also noted, however, that the U.S. Supreme Court has excepted implementation of state-created limitation periods when these periods would contravene the purpose underlying the Federal Statutes at issue. *Id.* at 221–22 (quoting *Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, 367, 97 S.Ct. 2447, 2454, 53 L.Ed.2d 402 (1977). Finding no applicable state-created limitations period, the Court then fashioned the following rule:

> It is thus my view that the longer of confirmation or two years from the reorganization filing date should be the appropriate period for the bringing of preference actions for statute of limitations purposes. Stated differently, a Debtor in Possession should be able to bring preference actions until a reorganization case is confirmed, no matter how long that process naturally takes. If, however, a case is confirmed in less than two years, the Debtor may bring these actions until the two-year period has elapsed, so long as it has provided in the confirmation documents that preference actions may be brought post-confirmation.

*Korvettes, Inc.,* 42 B.R. at 222–23. The *Korvettes, Inc.* Court then held that the Debtor, who had confirmed a reorganization plan within two years of the filing date, could not bring a preference suit more than two years after such petition was filed. *Id.* at 224. Although the Court relied on its "rule of reason" in reaching its decision, an alternate holding was based on the equitable doctrine of latches. *Id.* at 223–24.

Clearly, the *Korvettes, Inc.* case is distinguishable from the case at bar in that in the former the Debtor had confirmed a plan of reorganization and in the latter the Debtor had not. Indeed, under the holding in *Korvettes, Inc.* the present actions under § 548 by the Unsecured Creditors Committee are not time-barred since as yet no plan of reorganization has been confirmed. Defendants argue, however, that this Court need not fashion a rule of reason upon determining that § 546(a)(2) is inapplicable because Louisiana law has an analogous cause of action to that federal right under § 548, and that the state-creataed statute of limitation is applicable. Specifically, Defendants note that the prescriptive period for the state-created revocatory action is one year from the time the creditor learned or should have learned of the act sought to be annulled, but never after three years from the date of such act. *See* La.Civil Code Ann. Art. 2041 (West Supp.1985); *see also* La.Civil Code Ann. Art. 1994 (West 1977) (repealed) (one year limitation by action brought by individual creditor or one year from appointment of representative creditors if brought collectively).

But application of the state statute of limitation would impermissibly interfere with "the federal purpose underlying and considerations attendant to the bringing of [actions under § 548]." *Korvettes, Inc.,* 42 B.R. at 222. Since the state law does not contemplate the possibility of a Chapter 11 reorganization, it fails to consider the concept of plan confirmation. The *Korvettes, Inc.* Court, however, finds that important Congressional objectives are fostered by permitting the Debtor in Possession or Creditors Committee to bring an action under § 548 until such time as a plan is confirmed. *See id.* at 219–20, 222–23. Therefore, the state statute of limitation

cannot be applied. *Id.* at 221–22 (quoting *Occidental Life Insurance Co. v. EEOC*, 432 U.S. at 355, 97 S.Ct. at 2447).

Accordingly, this Court finds that § 546(a) should be given a literal interpretation which permits the Debtor in Possession or Creditors Committee to bring an action under § 548 until the Chapter 11 case is closed or dismissed. *One Marketing*, 17 B.R. at 739–40; *Jennings, Inc.*, 46 B.R. 167, 12 B.C.D. at 908. Assuming *arguendo* that § 546(a)(2) is inapplicable, this Court finds that any "rule of reason" fashioned must permit the Creditors Committee to bring an action under § 548 until such time as when a plan is confirmed. *See Korvettes, Inc.*, 42 B.R. at 219–20, 222–23.

Since this Court finds that a federal statute of limitation is applicable, the doctrine of laches is inappropriate. *Jennings, Inc.*, 46 B.R. 167, 12 B.C.D. at 908 (citing *In re Mandrell*, 39 B.R. 455, 459 (Bankr.M.D. Tenn.1984)); *Silver Mills Frozen Foods*, 23 B.R. at 181. Also, the *Korvettes, Inc.* Court noted, after finding § 546 inapplicable, that its formulation of a rule which set the applicable statute of limitation for bringing a preference action as the longer of confirmation or two years from the reorganization filing date "fosters the same public policy goals as the doctrine of laches...." 42 B.R. at 217.

The party asserting laches carries the burden of proof. *Matter of Bohart*, 743 F.2d 313, 326 n. 13 (5th Cir.1984). The doctrine of laches requires that an otherwise meritorious suit must be dismissed where there has been an inexcusable delay in bringing the claim for relief and where the delay has unreasonably prejudiced the Defendant. *Baylor University Medical Center v. Heckler*, 758 F.2d 1052, 1057 (5th Cir.1985). The Defendant must show a delay in asserting the right or claim, that the delay was inexcusable, and that there was undue prejudice to the party against whom the claim is asserted. *Id.; see Mandrell*, 39 B.R. at 459. And a finding of prejudice requires more than simply negligence or delay; there must be delay which causes a disadvantage in asserting and es-

tablishing a claimed right or defense. *Bohart*, 743 F.2d at 327.

In balancing the equities in this case, this Court finds that under the circumstances, the Creditors Committee did not inexcusably delay in bringing the avoidance actions. An important part of the Chapter 11 reorganization process requires that creditors and the Debtors be given much leeway in negotiating toward a confirmable plan. *See Korvettes, Inc.*, 42 B.R. at 219–20. Further, in this case the Creditors Committee has filed the avoidance action, not the Debtor in Possession which is the obligor of the stock transfers at issue. The Debtor in Possession, therefore, may have had no reason to challenge the stock redemption. *Cf. One Marketing, Inc.*, 17 B.R. at 739 ("the Debtor in Possession and the Debtor who made the preference transfer being one and the same, there may be no inclination to seek return of the preferential transfer"). Finally, this Court finds that the Defendants would not suffer undue prejudice. Defendants claim that their ability to enforce contracts of guarantee against the guarantors of the corporate obligation is impaired, yet have provided no proof of this allegation. And whether the corporate obligation exists is to be determined by the Court on the merits of this case.

Defendants allege that Plaintiffs have failed to plead properly. A complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief. *See* Bankruptcy Rule 7008(a); Fed.R.Civ.P. 8(a) and (e); *Reid v. Hughes*, 578 F.2d 634, 637 (5th Cir.1978). A dismissal of a complaint under Fed.R. Civ.P. 12(b)(6) for failure to state a claim should not be granted unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *In re Bristol Industries Corp.*, 45 B.R. 606, 12 B.C.D. 755 (Bankr.D.Conn.1985); *In re O.P.M. Leasing Services, Inc.*, 32 B.R. 199, 10 B.C.D. 1204 (Bankr.S.D.N.Y.1983) (both cases quoting *Conley v. Gibson*, 355 U.S.

41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). The complaints' allegations of fact must be considered as true. *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981); *In re Mercon Industries*, 37 B.R. 549, 550 and n. 2 (Bankr.E.D.Penn.1984). A claimant is to be given every opportunity to state a claim, and all asserted theories of recovery must be explored in light of actual facts. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir.1981).

Defendants do not contend that Plaintiff has failed to state a claim under 11 U.S.C. § 548. But Defendants do argue that the Plaintiff has failed to plead properly a cause of action under § 550, since there is a distinction between the avoiding power of a trustee or Debtor in Possession under § 548 and the right to recover property or its value from the transferee of an avoided transfer under § 550. *See generally* 4 Colliers on Bankruptcy ¶ 550.01 and .03 (15th Ed.1985).

Section 550(a)(1) provides that:

Except as otherwise provided in this section, to the extent that a transfer is avoided under section.... 548 ... of this title, the trustee may recover for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made....

The limitation by section 550(b) of the trustee's right to recover under § 550(a)(2) from any immediate or mediate transferee is inapplicable to this case which involves initial transferees of the Debtor. *See* 4 Colliers, *supra*, ¶ 550.03.

Admittedly, Plaintiff has stated a claim under § 548. A reading of the complaints establishes that both Defendants are initial transferees of the Debtor pursuant to the challenged stock redemptions. Both complaints state at paragraph X that "By reason of the foregoing, defendant is liable to plaintiff...." "Statements in a pleading may be adopted by reference in a different part of the same pleading...." Fed.R.Civ.P. 10(c); *see* Bankruptcy Rule

7010. Therefore Plaintiff has stated a cause of action under § 550(a)(1) against Defendants because the Plaintiff has pleaded all the essential elements of a cause of action under that provision. *See In re O.P.M. Leasing Services, Inc.*, 21 B.R. 986, 9 B.C.D. 335, at 338 (Bankr.S.D.N.Y.1982). The complaints give the Defendants notice of the nature of the Plaintiffs' claims and is not so vague or ambiguous that Defendants could not reasonably be required to frame a responsive pleading. *See In re Phelps*, 32 B.R. 368, 369 (Bankr.S.D.Ohio 1983); *In re Ernst, Inc.*, 1 B.R. 262, 263–264 (Bankr.S.D.N.Y.1979). Moreover, it cannot be stated with certainty that Plaintiff is not entitled to relief under any set of facts which could be proved in support of the claims. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed 2d 652 (1972).

For the above-mentioned reasons, Defendant's Motion to Dismiss is DENIED.